**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Mark THOMAS, Defendant-Appellant.**

**No. 13611.**

Missouri Court of Appeals,
Southern District,
Division Two.

April 20, 1984.

Motion for Rehearing Overruled and
Transfer to Supreme Court Denied
May 2, 1984.

Application to Transfer Denied
June 19, 1984.

John D. Ashcroft, Atty. Gen., Frank A. Rubin, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Wesley D. Coleman, Asst. Public Defender, Caruthersville, for defendant-appellant.

PREWITT, Judge.

Defendant was convicted of attempted rape and sentenced to fifteen years' imprisonment. On appeal he contends that the trial court erred in not sustaining his motions for judgment of acquittal. Defendant

asserts that as rape requires penetration "then it follows that attempted rape requires attempted sexual intercourse and attempted sexual intercourse requires attempted penetration." He asserts that as the victim did not testify that penetration was attempted there was no attempted rape.

■ In reviewing to determine if a submissible case was made we accept as true all evidence favorable to the state, including all reasonable inferences drawn from the evidence, and disregard all evidence and inferences to the contrary. *State v. Summers,* 660 S.W.2d 772, 773 (Mo.App. 1983); *State v. Rhoden,* 654 S.W.2d 352, 353 (Mo.App.1983).

At the trial one witness, a sixteen-year-old unmarried girl, testified. She stated that on May 25, 1983, she was home alone when defendant entered her residence uninvited through a patio door that she thought was locked. When she saw him she started toward the front door and he said, "Don't pretend there's anybody here cause I know there's not." She started running toward the front door and he grabbed her by the arm and told her, "If you do what I say I won't hurt you." He then took her to the kitchen and got a butcher knife from a kitchen drawer. He put the point of the butcher knife next to her and started pushing her toward the hall.

She tried to get loose and he slapped her twice and pushed her into the bedroom and locked the door. She testified that defendant said he was going to "eat" and "fuck" her. He then threw her over the side of a bed railing, sat on her lap, put the knife up against her and ripped her shirt open with the knife and his hands. Then they heard some people outside the house talking and defendant "jerked" her up and said, "I'm gonna get the hell out of here." He opened the bedroom door and pulled her down the hall. They were standing by the phone and when it started ringing defendant "jumped" and dropped the knife. She then ran out the front door to a neighbor's house. She testified that as she was running away he told her that "if I said anything to anybody that he'd get me when he got out of trouble."

Rape requires sexual intercourse. § 566.030, RSMo Supp.1982. Sexual intercourse is penetration of the female sex organ by the male sex organ. § 566.010.-1(1), RSMo 1978. However, we do not think that attempted rape can only be committed if a man actually attempts to penetrate the female sex organ with his penis. Section 564.011.1, RSMo 1978 states:

"A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense. A *'substantial step'* is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense."

■ This statute does not require that an actual and specific attempt be made to perform each and every element of the crime. Defendant's acts and words reflected his intention to commit rape. He took a substantial step toward the commission of the offense by entering the home, using a knife to threaten the girl, and by throwing her on the bed. It is a fair inference that had he not heard voices outside he would have continued further to accomplish his purpose. His conduct was strongly corroborative of the firmness of his purpose to commit the offense.

Case law has held that a defendant's "overt act need not be the ultimate step toward, or the last proximate act or the last possible act in the consummation of the crime attempted." *State v. Olds,* 603 S.W.2d 501, 508 (Mo. banc 1980). Nor does the statute so require.

Defendant relies on the language in *State v. Harvey,* 641 S.W.2d 792, 800 (Mo. App.1982), where it refers to testimony "dealing ... with one of the essential elements of the crime (attempted penetration)." We do not believe that *Harvey* holds that attempted penetration is always necessary for attempted rape. Under the facts there it may have been necessary to reveal the defendant's intention. Here it was not.

**140**

Defendant asserts in his reply brief that as § 564.011.1, RSMo 1978 "deals with attempts generally" it is not applicable here as § 566.030, RSMo Supp.1982 "deals with and describes what constitutes attempted rape specifically." *Citing Laughlin v. Forgrave*, 432 S.W.2d 308, 313 (Mo. banc 1968), he contends that the "repugnancy" between these sections should be resolved in favor of the special statute § 566.030 over the general statute § 564.011.1. This argument fails as there is no repugnancy between the statutes. Section 566.030.2 refers to "an attempt to commit forcible rape" but does not state what constitutes such a crime. That is left to § 564.011.1 and it controls here.

Where there is evidence of the defendant's purpose to rape and he has taken a substantial step toward its commission, we hold that attempted penetration is not required to convict of attempted rape. The evidence was sufficient to support the conviction.

The judgment is affirmed.

MAUS, P.J., and HOGAN, J., concur.