**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Walter Parnell MOLKENBUR,
Defendant-Appellant.**

**No. 14332.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 21, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 13, 1987.

Application to Transfer Denied
April 14, 1987.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Dan J. Pingelton, Columbia, for defendant-appellant.

PREWITT, Presiding Judge.

Following jury trial defendant was convicted of first-degree burglary and attempted rape. He was sentenced to five years for each offense, with the sentences to run consecutively. Defendant appeals, presenting three points for our consideration.

For his first point, defendant asserts that the evidence was insufficient to sustain a conviction for attempted rape stating "that at best said evidence established that appellant pushed his way through complainant's partially open door, grabbed her by her bathrobe, and caused her to fall to the floor, whereupon appellant ran away, all within a few seconds—establishing nothing *close* to a 'substantial step' required for an attempted rape."

In reviewing to determine if a submissible case was made, we accept as true all evidence favorable to the state, including all reasonable inferences drawn from that evidence, and disregard evidence and inferences to the contrary. *State v. Thomas,* 670 S.W.2d 138 (Mo.App.1984).

Section 564.011.1, RSMo 1978, provides:

A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense. A *"substantial step"* is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.

The statute does not require that a defendant's overt act be the ultimate step toward, or the last proximate or possible act in the consummation of the crime attempted. *State v. Thomas,* supra, 670 S.W.2d at 139.

An 18–year-old female testified that she was alone in an apartment she shared with her fiance. She was dressed in a nightgown and robe. At approximately 10:00 p.m. she heard a knock at the door. She opened the door and defendant asked for "Houston or Halston". She stated that no one was there by that name and closed the door. Defendant and the woman were not previously acquainted.

Approximately half an hour later the young woman heard another knock. She went to the door and as she opened it, defendant pushed open the door without saying anything. She started screaming and he grabbed her by the arm and tried to cover her mouth. She broke loose, tried to run out of the apartment and fell or was knocked down. She was "right outside the apartment door" and on her knees when he put his hand inside her nightgown and tried to pull her back into the apartment. She screamed louder and he then fled.

Defendant was seen running across a park near the apartment house and when apprehended shortly thereafter a few blocks away, his shirt was unbuttoned and his pants unzipped. He was taken in a police car to the building where the young

woman resided and she identified him as the one who had just entered her apartment.

Between the times that he was at the apartment defendant may have determined that the young woman was alone there. He could have done so by listening at the door or observing the apartment from outside. Defendant testified that he had gone to the apartment twice to see "Dana", a girl who used to live there, and that the female occupant started screaming for no reason the second time he went there. He tried to quiet her, then became frightened and ran. When asked if he put his hand over her mouth, he answered, "I think I did." He stated that when he put his hand up to her mouth he "told her not to scream or something." He denied he went there for any improper purpose. He stated that the pants he was wearing had a "bad zipper" and that in running across the park, his pants may have come unzipped.

Defendant left the apartment in a hurry and was pursued until he was caught. At that time his pants were unzipped. From these circumstances the jury could infer that at the time he left the apartment his pants were unzipped. Forcing his way into an apartment, grabbing a woman who tried to leave the apartment, and trying to pull her back into the apartment with his pants unzipped, were sufficient for the jury to find that he entered the apartment with the purpose of rape.

In *State v. Shroyer,* 104 Mo. 441, 16 S.W. 286 (1891), the defendant entered a room, crawled over to a fourteen-year-old girl lying asleep on the floor, put his hand on her arm, lay close to her and began to unfasten his pants. When another girl in the room saw him and "hollered" twice, he left. The court held that there was sufficient evidence to find the defendant guilty of assault with intent to rape.

Although defendant could have intended a different type of activity, it most likely was sexual intercourse. His actions were against the woman's will and he apparently intended to continue them despite her resistance until he became concerned that her

screaming was alerting others in the apartment building. Defendant's acts in grabbing the victim, trying to prevent her from screaming, and trying to pull her back into the apartment were substantial steps toward rape. These acts were strongly corroborative of the firmness of defendant's purpose to commit the offense. The evidence was sufficient for the jury to find that defendant attempted rape. Cf. *State v. Corona,* 685 S.W.2d 931 (Mo.App.1985); *State v. Roden,* 674 S.W.2d 50 (Mo.App. 1984); *State v. Thomas,* supra, 670 S.W.2d 138. Point one is denied.

In his second point, defendant contends that the trial court erred in overruling his motion for judgment of acquittal on the charge of burglary because the evidence was insufficient to show any intent to commit a crime "but at most demonstrated sufficient basis for first degree trespass due to the fact all that was shown was that appellant pushed through a partially open door, grabbed complainant when inside, and then ran away amidst her screams."

As stated in the discussion of the previous point, the evidence was sufficient to show that defendant attempted rape. From this the jury could conclude that rape was his purpose in entering the apartment. Cf. *State v. Carter,* 718 S.W.2d 643 (Mo. App.1986). Point two is denied.

Defendant states in his third point that the trial court erred in failing to instruct the jury on either assault in the third-degree, or sexual abuse in the third-degree. Defendant contends that each is either a lesser included offense of attempted rape "and/or each is applicable based on the facts of the case in that the evidence was insufficient to warrant submission of the greater offense of attempted rape."

■ There was no error in not submitting assault in the third degree for the jury's consideration. Third-degree assault is not a lesser included offense of attempted rape. *State v. Boschert,* 693 S.W.2d 128, 129 (Mo.App.1985). Whether sexual abuse might be a lesser included offense of attempted rape need not be explored as

there was no evidence that third-degree sexual abuse occurred.

 Sexual abuse in the third degree requires "sexual contact". § 566.120, RSMo 1978. "Sexual contact" means "any touching of the genitals or anus of any person, or the breast of any female person, or any such touching through the clothing, for the purpose of arousing or gratifying sexual desire of any person." § 566.010.-1(3), RSMo 1978.

There was evidence that defendant put his hand inside the woman's nightgown, but no indication what he touched. Nothing infers that he touched any part of her body necessary for "sexual contact". Thus, an instruction for third-degree sexual abuse was not warranted by the evidence and would not have been proper. Point three is denied.

The judgment is affirmed.

HOGAN, FLANIGAN and MAUS, JJ., concur.