**Mark R. FINLEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 71234.**

Missouri Court of Appeals,
Western District.

July 13, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 31, 2010.

Application for Transfer Denied
Oct. 26, 2010.

Frederick J. Ernst, Kansas City, MO, for Appellant.

John W. Grantham, Jefferson City, MO, for Respondent.

Before THOMAS H. NEWTON, C.J., JAMES EDWARD WELSH, and KAREN KING MITCHELL, JJ.

JAMES EDWARD WELSH, Judge.

Mark R. Finley appeals from the circuit court's judgment denying his Rule 24.035 postconviction relief motion without an evidentiary hearing.[1] Finley asserts that the circuit court erred in accepting his guilty plea to the charges of attempted forcible rape, armed criminal action, and burglary in the first degree because no factual bases existed for the plea. We disagree and affirm the circuit court's judgment.

In overruling Finley's challenges to the sufficiency of the factual bases on the three charges, the circuit court found that Finley's testimony at the plea hearing provided a sufficient factual basis to support his conviction for attempted forcible rape because Finley admitted that he entered the victim's apartment, lay on top of her, and held a box cutter to her throat. The court found that Finley's conduct toward the victim constituted more than a mere threat of forcible rape. The court also noted that, according to the victim, Finley kept trying to kiss her and threatened her whenever she attempted to move out from underneath him. The court found that Finley's admission at the hearing together with the statement by the victim was sufficient to support a finding that Finley had taken a substantial step toward the commission of forcible rape.

The circuit court also concluded that, because Finley admitted threatening the victim with a box cutter while he attempted to rape her, the record established a sufficient factual basis for armed criminal action. Further, the court found that Finley's admission that he entered the victim's apartment without her permission for the purpose of committing forcible rape to be sufficient to establish a factual basis for first-degree burglary.

■ Our review of the circuit court's ruling on a Rule 24.035 motion is limited to determining whether or not its findings

---

1. The circuit court granted the motion in part and set aside and dismissed one count of armed criminal action arising out of the burglary charge.

and conclusions are clearly erroneous. Rule 24.035(k). To be entitled to an evidentiary hearing on a motion for post-conviction relief: (1) the movant must allege facts—not conclusions—which, if true, warrant relief; (2) the facts alleged must establish that the movant's case was prejudiced; and (3) the facts must not be refuted by the record. *Coates v. State*, 939 S.W.2d 912, 914 (Mo. banc 1997). The circuit court may deny an evidentiary hearing if any of these elements is missing. *Wedlow v. State*, 841 S.W.2d 214, 216 (Mo. App.1992).

Finley argues that the factual basis for his guilty plea to attempted forcible rape was insufficient because the State never established that he took a substantial step toward the commission of a forcible rape. Relying on this argument, Finley also contends that the factual basis for armed criminal action, which was predicated on the attempted forcible rape, was also insufficient. Further, he asserts that, because there was insufficient proof of a substantial step toward the commission of a forcible rape, there was an insufficient factual basis to support his guilty plea to burglary because he was alleged to have entered the victim's home for the purpose of committing a forcible rape. We disagree.

 "A factual basis for a guilty plea is necessary to ensure that the guilty plea was intelligently and voluntarily entered, thereby satisfying due process requirements." *State v. Henry*, 88 S.W.3d 451, 457 (Mo.App.2002). Rule 24.02(e) says, "The court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." A "factual basis" for a guilty plea "is established where the information clearly charges the defendant with all elements of the crime, the nature of the charge is explained to the defendant, and the defendant admits guilt." *Ivy v. State*, 81 S.W.3d 199, 202 (Mo.App.2002). As long as a mov-

ant understands "the nature of the charges against him, trial courts are not required to explain every element of the crime." *Id.* A movant is " 'not required to admit or to recite the facts constituting the offense in a guilty plea proceeding, so long as a factual basis for the plea exists.' " *Johnson v. State*, 172 S.W.3d 831, 835 (Mo.App. 2005) (citation omitted). "An appellate court's focus is on whether the defendant understood the nature of the charge against him and not on whether a particular ritual was followed or every detail was explained." *Wagoner v. State*, 240 S.W.3d 159, 165 (Mo.App.2007).

 The State charged that Finley committed attempted forcible rape when he "climbed on top of [the victim], held a box cutter type knife to her throat and kissed her cheek, and such conduct was a substantial step toward the commission of forcible rape, and was done for the purpose of committing such forcible rape." "A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense." § 564.011.1, RSMo 2000. "A 'substantial step' is conduct that is strongly corroborative of the firmness of the actor's *purpose* to complete the commission of the offense." *Fee v. State*, 283 S.W.3d 296, 299 (Mo.App.2009) (citing § 564.011). " 'A person "acts purposely" or with purpose, with respect to his conduct or to a result thereof when it is his conscious object to engage in that conduct or to cause that result.' " *Id.* (quoting § 562.016, RSMo 2000). "[A] mere threat with the ability to carry out that threat does not necessarily constitute an attempt to commit a crime. Instead, there must be strongly corroborating evidence that it was the defendant's conscious object to carry out the threat." *State ex rel. Verweire v. Moore*, 211 S.W.3d 89, 93 (Mo. banc 2006). "A defendant's purpose is rarely suscepti-

ble to direct proof." *State v. McFerron*, 890 S.W.2d 764, 767 (Mo.App.1995). As a result, purpose will frequently be established by circumstantial evidence. *See State v. Rafaeli*, 905 S.W.2d 516, 518 (Mo. App.1995).

"A person commits the crime of forcible rape if such person has sexual intercourse with another by the use of forcible compulsion." § 566.030, RSMo Cum.Supp.2007. Section 556.061 provides in relevant part that "forcible compulsion" includes "[a] threat, express or implied, that places a person in reasonable fear of death, serious physical injury or kidnapping of such person or another person[.]" § 556.061(12)(b), RSMo 2000.

 In this case, the circuit court did all that was required to establish a sufficient factual basis for Finley's guilty plea to attempted forcible rape. First, the indictment, which contained all of the elements of attempted forcible rape, was read to Finley.[2] Second, Finley stated in his own words that he entered into the victim's home at night without her permission and that he lay on top of her, placed a knife to her throat, and attempted to rape her.[3] The victim reported that Finley entered her home while she was sleeping and repeatedly instructed her to kiss him while he lay on top of her. Third, Finley admitted that he was guilty.

Finley argues, however, that the record in this case is insufficient to sustain a conviction of attempted rape because there was no showing that he took a substantial step toward engaging in forcible sexual intercourse. He asserts that nothing exists in the record to suggest that he intended to engage in sexual intercourse with the victim or that he understood that this is what he was pleading to when he pled guilty. He claims that the record does not indicate that he understood what constituted rape.

The record established that Finley was twenty-one years old, had a twelfth grade education, and graduated from high school. He also admitted that he reads, writes, and understands the English language. Finley acknowledged that he was not suffering from any mental disease or defect and that he did not have any mental condition that would make it difficult for him to concentrate and understand.[4] He also admitted that his attorneys had explained the charges against him. In pleading guilty, Finley admitted that he attempted to rape the victim.

Although, as we said above, a defendant's purpose is rarely susceptible to direct proof, here we have Finley directly testifying as to his purpose and intention by informing the court that "[o]n November 3rd, around three o'clock in the morning, I entered into the victim's apartment and laid on top of her and held a box cutter to her throat, and I attempted to rape her." As to Finley's purpose and intent, evidence does not come any clearer than this, and to say it is a sufficient

2. The circuit court informed Finley:

In Count I it is charged that on or about November 3rd, 2007, you climbed on top of [the victim] and that you held a box cutter type knife to her throat and kissed her cheek and that that conduct was a substantial step toward the commission of the crime of forcible rape and was done for the purpose of committing forcible rape."

3. Specifically, Finley said: "On November 3rd, around three o'clock in the morning, I

entered into the victim's apartment and laid on top of her and held a box cutter to her throat, and I attempted to rape her."

4. Indeed, the circuit court found on the record that Finley seemed to be "very clear-headed" and "very direct" and that "nothing in the way [he] answered the questions leads [the court] to believe that [Finley was] having any difficulty" at the guilty plea hearing. Finley acknowledged at the hearing that he did not disagree with these findings.

factual basis for the crime of attempted forcible rape is to demonstrate a knack for understatement. The fact that Finley now would like to say that he did not understand what he was saying and that his plea was therefore not made knowingly is belied by the record and common sense.

■ We find that the term "rape" is a commonly-known, layman term that is generally understood to mean non-consensual sexual intercourse.[5] Indeed, courts from other jurisdictions have so concluded. *Commonwealth v. Sherman,* 451 Mass. 332, 885 N.E.2d 122, 127 (2008); *People v. Lankford,* 819 P.2d 520, 521 (Colo.App.1991). Finley, therefore, admitted to attempting to do an act which has a widely-known, common meaning of non-consensual sexual intercourse. Where the allegations contained in the counts are "simple, specific and sufficient to inform the defendant in terms that a layman would understand what acts he was charged with committing," then a factual basis is established. *Hoskin v. State,* 863 S.W.2d 637, 639 (Mo.App.1993);[6] *see also Johnson v. State,* 115 S.W.3d 422, 426 (Mo.App.2003) (stating that the term "serious physical injury" is "simple, specific

and sufficient to inform the defendant in terms that a layman would understand what acts he was charged with committing"), and *Kennell v. State,* 209 S.W.3d 504, 508 (Mo.App.2006) ("[T]he term 'deadly weapon' used in the armed criminal action charge would be easily understood by most people to mean a gun, knife, or other weapon readily capable of causing death."). The circuit court was not required to explain every element of the crime to Finley, and given the common meaning of the term "rape," we cannot say that Finley did not understand the nature of the charge against him. *Ivy,* 81 S.W.3d at 202.

Finley's argument is similar to an argument raised in *State v. Thomas,* 670 S.W.2d 138, 139 (Mo.App.1984), where the defendant challenged the sufficiency of the evidence to support his conviction for attempted forcible rape because he did not attempt penetration. This court's Southern District concluded that the defendant took a substantial step toward the commission of the offense of rape by entering the victim's home, using a knife to threaten the victim, and by throwing the victim on the bed.[7] *Id.* Likewise, in this case, Fin-

---

**5.** We acknowledge that in *State v. Ogle,* 627 S.W.2d 73, 76 (Mo.App.1981), this court's Southern District found that the term "forcible compulsion," as used in the context of rape, is not a term that has a commonly understood meaning and must be defined in a jury instruction. Finley does not assert that the factual basis for the plea was insufficient because the State did not establish he attempted to rape the victim by forcible compulsion.

**6.** In *Hoskin,* the circuit court read the defendant the charges in substantially the same language as contained in the information, and the defendant admitted that he did the acts contained in the charges. *Hoskin,* 863 S.W.2d at 638. The *Hoskin* court held: "The allegations contained in the kidnapping, rape, and stealing a motor vehicle counts were simple, specific and sufficient to inform the

defendant in terms that a layman would understand what acts he was charged with committing, and the commission of which constituted the crimes charged." *Id.* at 639.

**7.** The facts in *Thomas* also established that the defendant told the victim that he was going to "eat" and "fuck" her and that he ripped the victim's shirt open with the knife and his hands. *Thomas,* 670 S.W.2d at 139. The *Thomas* court, however, did not rely on this evidence in concluding that the evidence was sufficient to establish that the defendant took a substantial step toward the commission of the offense of attempted rape. The *Thomas* court merely said: "[The defendant] took a substantial step toward the commission of the offense by entering the home, using a knife to threaten the girl, and by throwing her on the bed." *Id.*

ley's acts of entering the victim's home, lying on top of the victim, and putting a knife to her throat, conjoined with his admission at the plea hearing that he intended to rape the victim, establish that he took substantial steps toward the commission of forcible rape.

 As this court's Southern District said in *Chipman v. State*, 274 S.W.3d 468, 472 (Mo.App.2008):

> [A] movant's post-conviction constitutional challenge to the knowingness and voluntariness of his or her guilty plea based upon an insufficient factual basis must not only prove the insufficiency of a factual basis on the record before the plea court, i.e., the lack of compliance with Rule 24.02(e), but also must demonstrate that such failure deprived him or her of the actual knowledge of the factual basis for the charge, thereby rendering his or her plea unknowing and involuntary and, thus, unconstitutional.

Because the term "rape" is a commonly-known, layman term, Finley failed to demonstrate that he was deprived of the actual knowledge of the factual basis for the attempted forcible rape charge.

Finley's attack on the factual bases to support the armed criminal action and first-degree burglary counts is predicated upon the attempted forcible rape. He argues that, because he was charged with armed criminal action predicated on a charge of attempted forcible rape and first-degree burglary based upon his entering the victim's home for the purpose of committing a forcible rape, if there was an insufficient factual basis to support the forcible rape plea, then his plea to armed criminal action and first-degree burglary was also infirm. Finley has no independent attack on the factual bases to the armed criminal action and first-degree burglary counts apart from his attack on the attempted forcible rape count. Because there was a sufficient factual basis to

support his plea to the attempted forcible rape count, his claim as to the armed criminal action and first-degree burglary counts is without merit. The record demonstrates that Finley was adequately advised of the nature of armed criminal action and first-degree burglary and that his guilty plea to those charges was knowing and voluntary.

The circuit court's judgment denying Finley's Rule 24.035 postconviction relief motion without an evidentiary hearing was not clearly erroneous. We, therefore, affirm the circuit court's judgment.

All concur.