**Penney EVANS, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. WD 72937.**

Missouri Court of Appeals,
Western District.

Oct. 4, 2011.

Alexa I. Pearson, Columbia, MO, for appellant.

Shuan J. Mackelprang and Mary H. Moore, Jefferson City, MO, for respondent.

Before Division Two: THOMAS H. NEWTON, Presiding Judge, CYNTHIA L. MARTIN, Judge and GARY D. WITT, Judge.

GARY D. WITT, Judge.

Penney Evans appeals the motion court's denial of her Rule 24.035 motion for post-conviction relief without an evidentiary hearing.  We affirm.

## Factual Background

Penney Evans ("Evans") was charged by Complaint on February 11, 2008, with the class A felony of distribution of a controlled substance near a school, in violation of section 195.214.[1] The Complaint alleged that Evans knowingly distributed methamphetamine to an undercover agent at an address within two-thousand feet of a school, "knowing that it was a controlled substance."

On March 14, 2008, Evans completed a written Petition to Enter a Plea of Guilty. One portion of that form reads, "I represent to the Court that I did the following acts in connection with the charge(s) made against me:" and Evans answered, "[o]n 2/4/08 I distributed methamphetamine, a controlled substance to an undercover agent." In that Petition, she indicated that her understanding was that in return for her guilty plea, the State would amend the charge against her to a class B felony and recommend a sentence of fifteen years in the Missouri Department of Corrections, but with a suspended execution of sentence with five years of probation with no early release. Further, there was a special condition that she cooperate with the State and testify against Erica Rose Hayes.[2]

At the plea hearing, Evans affirmed that she understood the plea agreement and accepted guilt. Evans affirmed she was familiar with her Written Petition to plead guilty, that she went through it, read it all, discussed it with her attorney, understood all of it and signed each page. When asked to describe what she did to make herself guilty of the crime of possession of a controlled substance with intent to distribute, a class B felony, she responded, "I distributed methamphetamines to an undercover agent on February 4." She told the plea court that someone called her and asked if she could get them some methamphetamine. Evans agreed. Evans acquired the methamphetamines and attempted to sell the drugs to an undercover agent. She then explained to the court her drug history and told the court that she had previously been a user of methamphetamine. Evans explained that she had been dealing drugs for a year or two-and was dealing specifically with Erica Hayes (the person from whom she got the drugs on the occasion for which she was charged) for a couple months.

The following exchange also occurred at the plea hearing:

THE COURT: Do you think that drug that you gave to the undercover agent was meth?

EVANS: I don't know but I'm pretty sure it was.

THE COURT: Was that meth?

PROSECUTOR: Your Honor, I don't have the lab result back yet. I believe it did field test positive for methamphetamine.

THE COURT: Alright, do you feel pretty confident that it was?

EVANS: Yes.

THE COURT: Do you want to find out for sure before we go through with this or do you want to proceed ahead?

EVANS: Proceed.

---

1. All statutory citations are to RSMo 2000, as updated through the 2011 Cumulative Supplement, unless otherwise indicated.

2. On March 6, 2009, the State filed an Amended Information changing the charged violation to a class B felony, and deleting by interlineation the assertion that the distribution occurred near a school. This was not registered in the court's docket entry but was merely file stamped as having been received by the court. Evans in her argument indicates that it is unclear when the amendment was made (before or after the plea hearing).

THE COURT: Alright. Is that your understanding of the evidence then, [Prosecutor].

PROSECUTOR: It is, Your Honor.

The court found Evans's plea of guilty was made voluntarily and intelligently, with a full understanding of her rights, the charges against her, and the consequences of her plea. The court also found that there was a factual basis for the plea. The court accepted her plea of guilty and found her guilty beyond a reasonable doubt of the class B felony of possession of a controlled substance with the intent to distribute. The court sentenced Evans, pursuant to the plea agreement, to fifteen years imprisonment with a suspended execution of sentence and five years of probation.

On June 2, 2009, the prosecutor filed a Motion for Probation Revocation because Evans admitted to her probation officer that she had smoked marijuana. The court found that this violation was material and revoked Evans's probation. The court then ordered the execution of Evans's sentence of fifteen years imprisonment.

Evans filed a *pro se* motion for post-conviction relief on August 10, which was later amended by appointed counsel. That motion alleged that Evans's plea was rendered involuntary, unknowing, and unintelligent because the court did not determine that there was a sufficient factual basis for her plea before accepting it, violating Rule 24.02(e). Evans argues specifically that there were insufficient facts to establish that the substance she delivered was a controlled substance.

On September 8, 2009, the motion court denied Evans's motion for post-conviction relief without an evidentiary hearing. The motion court found that:

> [Evans] clearly had considerable experience with the controlled substance of methamphetamine. Her written and oral pleas of guilty as well as her version of the facts in the SAR clearly indicate the substance she was selling was methamphetamine. At her plea [. . .] [Evans] was so confident the substance in question was methamphetamine she declined the Court's offer to "find out for sure."

Evans now appeals. More facts will be provided as necessary in the analysis section that follows.

### Standard of Review

This Court's review of a denial of a post-conviction motion under Rule 24.035 is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Soto v. State*, 226 S.W.3d 164, 166 (Mo. banc 2007). The motion court's findings and conclusions are clearly erroneous only if, after review of the record, the appellate court is left with the definite and firm impression that a mistake has been made. *Soto*, 226 S.W.3d at 166. Movant has the burden to show by a preponderance of the evidence that the motion court clearly erred in its ruling. *Melton v. State*, 260 S.W.3d 882, 885 (Mo.App. 2008).

*Roberts v. State*, 276 S.W.3d 833, 835 (Mo. banc 2009).

### Analysis

■ In her sole Point on Appeal, Evans argues the motion court erred in denying her Rule 24.035 motion without granting an evidentiary hearing, in violation of her right to due process of law, in that the plea court accepted her guilty plea and entered judgment against her without first determining if there was a factual basis for the plea. She contends that her guilty plea was rendered involuntary, unknowing, and unintelligent because the Court failed to

comply with Rule 24.02(e) and require that a sufficient factual basis existed before accepting Evans's plea to the charge of possession of a controlled substance with intent to distribute. She argues insufficient facts were presented to establish that the substance delivered was a controlled substance.

Rule 24.02(e) provides that the "court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." *See also State v. Hunter*, 840 S.W.2d 850, 864 (Mo. banc 1992). This is to ensure that the plea is voluntarily and intelligently made to satisfy the requirements of due process. *Finley v. State*, 321 S.W.3d 368, 371 (Mo.App. W.D.2010). "If the plea of guilty is voluntarily and understandingly made and unequivocal as to the various factual elements necessary to constitute the offense, the plea itself forms a factual basis for the guilty plea." *Mitchell v. State*, 337 S.W.3d 68, 69 (Mo.App. W.D. 2011) (quoting *Hunter*, 840 S.W.2d at 864). "An appellate court's focus is on whether the defendant understood the nature of the charge against him and not on whether a particular ritual was followed or every detail was explained." *Finley*, 321 S.W.3d at 371 (quoting *Wagoner v. State*, 240 S.W.3d 159, 165 (Mo.App. S.D.2007)).

The offense of possession of a controlled substance with intent to distribute, a violation of section 195.211, requires the State to prove that Evans had "(1) conscious and intentional possession of the substance, either actual or constructive, (2) awareness of the presence and nature of the substance, and (3) the intent to deliver the substance." *State v. McCleod*, 186 S.W.3d 439, 443–44 (Mo.App. W.D.2006) (quoting *State v. Sutherland*, 11 S.W.3d 628, 631 (Mo.App. E.D.1999)). Evans argues that her statement, in response to the court's question as to whether the sub-

stance she was dealing was methamphetamine, that "I don't know but I'm pretty sure it was" was an equivocation and not sufficient to support the factual finding that she was in possession of a controlled substance. Accordingly, she argues the trial court was precluded from finding that a factual basis existed upon which the court could accept a plea of guilty. We disagree.

Viewed in isolation, Evans's statement that she did not know but she was pretty sure the substance was methamphetamine may seem equivocal. However, in the context of the entire plea colloquy, it is apparent that Evans knew what she was dealing was methamphetamines. Even in that "equivocal" statement, Evans asserts she is "pretty sure it was" methamphetamine. Evans was confident enough in the identity of the substance to reject an offer by the trial court to wait until the official lab reports could be acquired (the prosecutor informed the court that he believed the field test was positive for methamphetamines, but the official lab report was not yet completed). Evans agreed at the hearing that she was pretty confident the substance was methamphetamine. Multiple times in writing Evans asserted that she sold methamphetamine to an undercover agent. The record shows that Evans had an extensive history with methamphetamine and was familiar with the substance. Evans was as confident as she could be that the substance she sold was methamphetamine, absent having produced it herself or tested the substance herself. The motion court did not err in finding a factual basis for Evans's plea was established.

Evans argues, without any citation to legal authority, that her response that she was pretty confident the substance was methamphetamine does not meet the State's burden of proving the element of her knowledge of the substance beyond a reasonable doubt. Evans cites a federal

case, *United States v. Arias,* from the southern district of New York, in which the defendant pled guilty to knowingly conspiring with other persons to distribute a controlled substance. *See United States v. Arias,* 409 F.Supp.2d 281, 288 (S.D.N.Y. 2009). The court held his plea was insufficient because the record contained no factual basis as to the specific amount of methamphetamine distributed (an element of the charged crime). *Id.* at 305–06. The court held that because the defendant did not admit to every element, the plea court was not authorized to accept the plea. *Id.* at 305. Evans also cites *Arias* for the proposition that if a defendant does not know what the drug is he is dealing, but only that it is an illegal drug of some type, he may plead guilty if the government tests the drug and confirms that it is an illegal substance. *See id.* at 306 n. 14.

Setting aside that *Arias* is from a foreign jurisdiction and, therefore, of no precedential value and can only be persuasive authority, we fail to see how *Arias* applies to the case at bar. In *Arias,* "[a]t the time of the plea, [he] did not admit that he had distributed methamphetamine, and the Government did not proffer evidence demonstrating that he had done so." *Id.* at 305. In *Arias,* one of the required factual elements of the offense was the amount of the drug, a fact for which there was no admission at the plea hearing. This is inapposite to the case at bar. Here we have several admissions by Evans that the substance she was dealing was methamphetamines. She proffered no reason as to why she would have *any* doubt to believe that the substance which she was

dealing was in fact methamphetamine. She rejected the opportunity to wait for confirmatory test results. The mere statement, "I don't know but I'm pretty sure it was" in response to the question as to whether the substance she was dealing was methamphetamine, in light of the entire plea colloquy, did not render Evans's admission that the substance she was dealing was methamphetamines equivocal. If we were to adopt Evans's argument, then it would make it virtually impossible for any guilty plea for a drug or alcohol offense to be accepted without an official lab test of the substance in question. We do not believe this is required. This would be contrary to the principle that a factual basis for a plea is established when the defendant voluntarily and understandably makes an unequivocal acceptance of the factual requisites necessary to establish the elements of the charged offense. *See State v. Shafer,* 969 S.W.2d 719, 734 (Mo. banc 1998).

The trial court's judgment denying an evidentiary hearing for Evans's post-conviction motion for relief was not clearly erroneous.[3] The point is denied.

### Conclusion

The judgment of the trial court, rejecting Evans's motion for post-conviction relief without an evidentiary hearing, is hereby affirmed.

All concur.

---

**3.** Evans also makes an argument that the amended Information charging her with the class B felony rather than the class A felony was not officially recorded in the court's docket entry and, therefore, she was not sufficiently aware of the charges against her and did not understand the elements of the Amended Information. The sole difference between the class A felony of the original charge and the class B felony to which she pleaded guilty was the elimination of the allegation that the drug sale took place near a school. This was the plea agreement for which she bargained. Evans does not argue on appeal that she was deprived of the required notice of the charges against her.