Steven Eugene **DOSS**, Appellant,

v.

**STATE of Missouri**, Respondent.

No. WD 74400.

Missouri Court of Appeals,
Western District.

Sept. 18, 2012.

John M. Reeves, Jr., Jefferson City, MO, for appellant.

Craig A. Johnston, Columbia, MO, for respondent.

Before Division One: JAMES M. SMART, JR., Presiding Judge, LISA WHITE HARDWICK and GARY D. WITT, Judges.

LISA WHITE HARDWICK, Judge.

Steven Doss appeals the denial of his Rule 24.035 motion for post-conviction relief after an evidentiary hearing. He contends the motion court erred in accepting his guilty plea to a charge of second-degree domestic assault because no factual basis existed for the plea. For reasons explained herein, we affirm.

FACTUAL AND PROCEDURAL HISTORY

In February 2008, Doss pled guilty to two counts of second-degree domestic assault, one count of unlawful use of a weapon, and one count of resisting arrest for an incident that occurred in August 2007. One of the second-degree domestic assault charges, Count I, alleged that Doss attempted to cause physical injury to his cohabitant girlfriend, A.L., by choking her, while the other second-degree domestic assault charge, Count II, alleged that Doss attempted to cause physical injury to A.L. by means of a deadly weapon, namely, a shotgun.

On the day of his plea hearing, Doss filed a petition to enter a guilty plea. In exchange for Doss's guilty plea, the State agreed to dismiss an armed criminal action count and to recommend a suspended imposition of sentence on all counts. The plea agreement provided that, if Doss later violated his probation, he would receive the maximum sentences and serve them consecutively, with no early release.

In his plea petition, Doss stated he had received and read the State's information and discussed it with his counsel. He also stated that he fully understood every charge made against him and his counsel had advised him on the nature of each charge, on all lesser-included charges, if any, and on all possible defenses he might have in the case. Doss alleged he wanted to plead guilty because he was guilty and he was offering his guilty plea "freely and voluntarily and of [his] own accord and with full understanding of all the matters set forth in the information and in this petition." In connection with the two second-degree domestic assault charges, Doss represented in his plea petition, "I choked [A.L.] I attempted to cause physical injury to [A.L.] by means of a shotgun."

During the guilty plea hearing, Doss informed the court that he had reviewed the plea petition with his counsel and understood all of it. Doss said that no one had threatened or forced him to plead guilty. Doss told the court that he understood he had a right to a jury trial and that, by pleading guilty, he was waiving that right.

The court asked Doss to explain what happened on the night of the incident. Doss said that he had gotten into a fight with A.L. and had choked her, which he knew hurt her. He admitted that he later retrieved his twelve-gauge shotgun. Doss said that his shotgun was not loaded at the time, but A.L. did not know that. According to Doss, he did not point the gun at A.L., but he threatened her with it. While he never "specifically" said, "I'll blow your head off," Doss admitted that he told A.L., "I'll use it," and that scared her.

After Doss recited his version of the incident, the State told the court its version. The prosecutor said that, late on the night of August 24, 2007, the police were dispatched to a reported domestic assault at Doss's and A.L.'s residence. When the police arrived, A.L. told them that Doss had choked her. The officers tried to find

Doss but were unsuccessful and left. Two hours later, the police were called back to the apartment. When the police arrived, A.L. told them that Doss had a loaded shotgun and that Doss had told her he was going to shoot her and then kill himself. When the police entered the bedroom and attempted to apprehend Doss, he struggled with them and tried to grab an officer's gun. The police secured Doss and found the shotgun beside the bed. Contrary to Doss's testimony, the shotgun was loaded. After the State finished, Doss agreed with the court that his version of events "minimized" the incident "quite a bit" and that the State's version did not "sound so good."

The court accepted Doss's guilty pleas. The court entered a suspended imposition of sentence and placed Doss on a period of five years of supervised probation. Doss's probation was later revoked, and he was sentenced to serve consecutive terms of seven years on each of the two domestic assault charges, four years on the unlawful use of a weapon charge, and four years on the resisting arrest charge, for a total of twenty-two years of imprisonment.

Doss subsequently filed a *pro se* Rule 24.035 motion for post-conviction relief, which was later amended by appointed counsel. One of the claims in his amended motion was that the factual basis for his guilty plea to the second-degree domestic assault charge in Count II was insufficient. Specifically, he contended that his and the prosecutor's factual recitations during the guilty plea hearing did not show that he ever took a substantial step toward causing physical injury to A.L. by means of a shotgun.

Following an evidentiary hearing, the court denied Doss's motion. In its judgment, the court noted that, in Doss's plea petition, he expressly admitted that he "attempted to cause physical injury to [A.L.] by means of a shotgun." The court further noted that during the plea hearing, Doss represented to the court that he had read all of the plea petition, that he understood it, and that he had gone over it with his counsel. The court determined Doss had admitted, either in writing or by his testimony, that he threatened his cohabitant girlfriend with a shotgun and attempted to cause her physical harm with the shotgun. Therefore, the court concluded that Doss understood the nature of the charges and freely, voluntarily, and knowingly pled guilty to them. Doss appeals.

## STANDARD OF REVIEW

We review the denial of a post-conviction motion for clear error. Rule 24.035(k). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves us with a definite and firm impression that a mistake was made. *Dobbins v. State*, 187 S.W.3d 865, 866 (Mo. banc 2006).

## ANALYSIS

In his sole point on appeal, Doss contends the motion court clearly erred in denying his Rule 24.035 motion because no factual basis existed to support his conviction for second-degree domestic assault as charged in Count II. Specifically, he argues that the record did not establish that he attempted to cause physical injury to A.L. with the shotgun because there was no evidence that he intended to harm her.

Rule 24.02(e) provides that the court "shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." " 'A factual basis for a guilty plea is necessary to ensure that the guilty plea was intelligently and voluntarily entered, thereby satisfying due process requirements.' " *Finley v. State*, 321 S.W.3d 368, 371 (Mo. App.2010) (citation omitted). A factual basis for a guilty plea is established if " 'the

information clearly charges the defendant with all elements of the crime, the nature of the charge is explained to the defendant, and the defendant admits guilt.'" *Id.* (citation omitted). It is not necessary for the court to explain every element of the crime to the defendant, as long as the defendant understands the nature of the charge against him. *Id.* Moreover, "[t]he factual basis need not be established from the defendant's own words or by his admission of the facts recited by the State as long as a factual basis exists on the record as a whole." *Wallace v. State,* 308 S.W.3d 283, 286 (Mo.App.2010).

■ A person commits the crime of second-degree domestic assault if he attempts to cause physical injury to a household member through the use of a deadly weapon. § 565.073.1(1), RSMo 2000.[1] The State's information charged in Count II that Doss attempted to cause physical injury to A.L. with a shotgun. "A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense." § 564.011.1. "A 'substantial step' is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." *Id.* "A person 'acts purposely,' or with purpose, with respect to his conduct or to a result thereof when it is his conscious object to engage in that conduct or to cause that result." § 562.016.2. Because the "'defendant's purpose is rarely susceptible to direct proof,'" it may be established by circumstantial evidence. *Finley,* 321 S.W.3d at 371–72 (citation omitted).

Doss contends there was no evidence that he had the intent to cause physical injury to A.L. with the shotgun. He argues that the record showed that he merely brandished the shotgun and made a threat with it and did not show that he intended to carry out that threat. In support of this argument, he relies on *State ex rel. Verweire v. Moore,* 211 S.W.3d 89 (Mo. banc 2006). In *Verweire,* the Supreme Court granted habeas relief to the defendant after finding an insufficient factual basis for his guilty plea to first-degree assault. *Id.* at 90. The State's factual recitation showed that the defendant was at an arcade, where he got into an argument with another man. *Id.* at 91. The defendant pulled out a pistol, grabbed the man, jabbed the pistol into the man's side and cheek, and said that he would "blow his [f-ing] head off." *Id.* The Court ruled that this factual basis was insufficient because the defendant had merely threatened the victim, and "a mere threat with the ability to carry out that threat does not necessarily constitute an attempt to commit a crime. Instead, there must be strongly corroborating evidence that it was the defendant's conscious object to carry out the threat." *Id.* at 93. Noting that courts "may look to the defendant's conduct before, during, and after the act" to determine the defendant's mental state, the Court found that the fact that the defendant "voluntarily withdrew from the altercation without having fired or attempted to fire his weapon strongly negates any intent to seriously injure [the victim]." *Id.* at 92–93.

■ Unlike in *Verweire,* however, Doss's conduct *before* he threatened A.L. with the shotgun demonstrates that he intended to cause physical injury to her. Doss admitted that, before he threatened A.L. with the shotgun, he choked her. Doss further admitted that he knew he hurt her when he choked her. After choking A.L., Doss fled to elude the police before returning, retrieving his shotgun,

**1.** All statutory references are to the Revised Statutes of Missouri 2000.

and threatening A.L. with it. Doss's conduct over the course of the incident created a strong inference that, when he progressed from choking A.L., which caused her physical injury, to threatening her with the loaded shotgun, he fully intended to cause her physical injury with it as well.

Moreover, in addition to the circumstantial evidence showing that Doss intended to cause physical injury to A.L. with the shotgun, the record contained Doss's express declaration that this was, in fact, his intention. In setting forth the factual basis for his plea in his plea petition, Doss specifically stated, "I attempted to cause physical injury to [A.L.] by means of a shotgun." Doss signed every page of his plea petition and represented that he had read and fully understood everything in it. Doss's admission that he attempted to cause physical injury to A.L. with the shotgun constitutes direct proof of his purpose and intent and is sufficient to provide a factual basis on the issue. See *Finley*, 321 S.W.3d at 372–73.

The record established that Doss intended to cause physical injury to A.L. with the shotgun. Therefore, a sufficient factual basis existed to support his plea to the crime of second-degree domestic assault as charged in Count II. The record further demonstrated that Doss was adequately advised of the nature of the charge and that his guilty plea was knowing and voluntary. The motion court did not clearly err in denying Doss's Rule 24.035 motion for post-conviction relief.

### Conclusion

We affirm the motion court's judgment.

ALL CONCUR.