

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

DAMONTE LIKINS-OSBEY, )
                 )
         Appellant, )
                 )
v. )      WD84807
                 )
STATE OF MISSOURI, )      Opinion filed: September 13, 2022
                 )
         Respondent. )

**APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**THE HONORABLE S. MARGENE BURNETT, JUDGE**

Division Three: Cynthia L. Martin, Presiding Judge,
Lisa White Hardwick, Judge and W. Douglas Thomson, Judge

Damonte Likins-Osbey ("Likins-Osbey") appeals from the judgment of the Circuit Court of Jackson County denying his Rule 24.035 motion for post-conviction relief with an evidentiary hearing. In his sole point on appeal, Likins-Osbey argues the motion court erred in denying his Rule 24.035 motion because it misapplied Rule 29.07(b)(1) by concluding Rule 29.07(b)(1) applied only after a jury verdict and that such a misapplication violated his due process rights under the Fourteenth Amendment of the United States Constitution and Article I, Section 10 of the Missouri Constitution. We affirm.

## Factual and Procedural History[1]

Likins-Osbey was charged in Jackson County with two counts of first-degree sodomy (unclassified felonies), one count of first-degree rape (an unclassified felony), one count of robbery (a class A felony), and one count of theft (a class C felony).

Likins-Osbey's charges stem from two separate incidents. First, on August 29, 2015, Likins-Osbey followed a 22-year old woman ("First Victim") and repeatedly offered her a ride until she accepted. Once First Victim accepted the ride, Likins-Osbey threatened her with a firearm and forced her to perform oral sex while videoing her. After a struggle, First Victim was able to escape from Likins-Osbey, but left her purse containing her credit card in Likins-Osbey's car. Likins-Osbey used First Victim's credit card at least once in the days following his assault against her.

Less than a month later, on September 15, 2015, Likins-Osbey approached another woman ("Second Victim") as she was walking to her car. Likins-Osbey asked Second Victim for a ride, and Second Victim agreed. Once in Second Victim's car, Likins-Osbey threatened her with a firearm, ordered her to drive to a parking garage, and raped her. Likins-Osbey also videotaped Second Victim performing oral sex. Likins-Osbey was arrested after the Kansas City Crime Lab determined his semen was present on Second Victim. Police later found videos of both assaults on Likins-Osbey's cell phone.

On December 17, 2018, Likins-Osbey pleaded guilty to one count of first-degree sodomy and one count of first-degree rape pursuant to a plea agreement with the

---

[1] We view the facts in the light most favorable to the verdict and judgment. *McFadden v. State*, 553 S.W.3d 289, 296 n.2 (Mo. banc 2018).

State. In exchange for his guilty plea, the State agreed to dismiss the remaining counts against Likins-Osbey and to recommend a 15-year cap on the sodomy count and a 16-year cap on the rape count to be served consecutively, for a total of 31 years.

Likins-Osbey was sentenced on May 31, 2019. Likins-Osbey's trial counsel stated at sentencing that both he and Likins-Osbey reviewed the Sentencing Assessment Report, which contained victim impact statements from both victims and statements from Likins-Osbey, and did not "see any glaring mistakes or factual discrepancies that [they] wish[ed] to correct." At the sentencing hearing, the following exchange between the trial court, Likins-Osbey, and his trial counsel occurred:

| Trial Counsel: | And my client does want to address the court at the time of allocution. |
| --- | --- |
| The Court: | All right. Counsel, he may do so from the counsel table if he would prefer. |
| Trial Counsel: | He will. |
| | Keep your voice up so the court reporter can hear. |
| | Are you ready, Your Honor? |
| The Court: | Yes. |
| Trial Counsel: | May I ask some questions of my client? |
| The Court: | Yes. |
| Trial Counsel: | You know what you did that night. Would you agree that you forced sex upon these girls as you were charged with? |
| Mr. Likins-Osbey: | Yes, sir. |

3

Trial Counsel: Are you making excuses or denying in any way that you recognize that your actions towards them were without their agreement, without their consent?

Mr. Likins-Osbey: No, sir.

Trial Counsel: And you ruined their lives in many ways, as you can recognize now?

Mr. Likins-Osbey: Yes, sir.

Trial Counsel: Is there anything else you would like to say to the Court with respect to the sentence you are about to receive?

Mr. Likins-Osbey: Yes, sir.

Trial Counsel: Go ahead. Now is your time.

Mr. Likins-Osbey: I want to apologize to my victims. I just made a horrible mistake. I want to take precaution [sic] for my mistake. And whatever sentences you grant me, I respect. I am sorry. And I hope that they can forgive me for this situation.

Trial Counsel: Thank you.
Your Honor, we are ready for allocution.
Remain standing, please.

The Court: Well, I have already taken your guilty plea. You have pled guilty to the two counts that were amended or that remain in this matter, and that was Count 1, which is sodomy, an unclassified felony, and Count 3, rape in the first degree.
***
The Court will find that the appropriate sentence for these crimes should be 15 years on Count 1, and 15 years on Count 2.

***

The Court: Is there anything else for the record before the Court adjourns?

Trial Counsel: Not from the defendants. [sic]

4

On August 1, 2019, Likins-Osbey timely filed a *pro se* Rule 24.035 motion. Likins-Osbey was appointed counsel on December 2, 2019, who timely filed an amended motion on May 12, 2020. Likins-Osbey's amended Rule 24.035 motion raised two points, including that his sentence was imposed without due process of law because the trial court did not comply with Rule 29.07(b)(1).[2] The motion court held an evidentiary hearing on both issues on September 3, 2020.[3]

The motion court denied Likins-Osbey's motion on June 24, 2021. The motion court determined that "the right to allocution applies only after conviction upon a trial by jury and does not apply to a sentence pronounced upon a plea of guilty." Additionally, the motion court determined that the trial court met the requirements of Rule 29.07(b).

Likins-Osbey appeals.

### Standard of Review

Our review of a motion under Rule 24.035 is limited to determining "whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k). The motion court's findings and conclusions are clearly erroneous only "if, after reviewing the entire record, this Court is left with the 'definite and firm impression that a mistake has been made.'" *McIntosh v. State*, 413 S.W.3d 320, 323 (Mo. banc 2013) (quoting *Smith v. State*, 370 S.W.3d 883, 885 (Mo. banc 2012)). In making this

---

[2] The motion court denied Likins-Osbey's first point, which was that his pleas of guilty were not made knowingly, intelligently, or voluntarily because he was induced to plead guilty by his trial counsel. He does not challenge that decision in this appeal.

[3] In its brief, the State posits that the motion court denied Likin-Osbey's motion without an evidentiary hearing. In its Judgment denying Likins-Osbey's Rule 24.035 motion, the motion court noted that it held a hearing on both of Likins-Osbey's claims but his claim that his sentence was imposed without due process of law "were [sic] not addressed at the September 3, 2020 hearing."

determination, we presume the motion court's findings and conclusions are correct. *Patterson v. State*, 576 S.W.3d 240, 243 (Mo. App. W.D. 2019).

## Analysis

In his sole point on appeal, Likins-Osbey argues that the motion court clearly erred in denying his Rule 24.035 motion in violation of his due process rights under the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Missouri Constitution because the motion court misinterpreted Rule 29.07(b) by determining the rule applied only after a jury verdict.

Rule 29.07(b) [4] states in relevant part,

> *(1) Allocution and Imposition of Sentence.* Sentence shall be imposed without unreasonable delay. When the defendant appears for judgment and sentence, he must be informed by the court of the verdict or finding and asked whether he has any legal cause to show why judgment and sentence should not be pronounced against him; and if no sufficient cause be shown, the court shall render the proper judgment and pronounce sentence thereon." [5]

"Allocution is granted so that the defendant has an opportunity to raise any infirmities in the sentencing procedure." *State v. Giles*, 583 S.W.3d 533, 536 (Mo. App. W.D. 2019) (citing *State v. Johnson*, 245 S.W.3d 288, 296 (Mo. App. W.D. 2008)).

---

[4] Rule 29.07 was amended, effective July 1, 2022. Rule 29.07(b)(1) was not substantially amended, but nonetheless, we apply the version of Rule 29.07 effective through June 30, 2022, which was in effect when Likins-Osbey was sentenced.

[5] The parties argue at length about whether Section 546.570, RSMo, applies to this case. Section 546.570 states,

> When the defendant appears for judgment, he must be informed by the court of the verdict of the jury, and asked whether he has any legal cause to show why judgment should not be pronounced against him; and if no such sufficient cause be show against it, the court must render proper judgment.

Missouri courts have consistently interpreted Section 546.570 to apply only to sentences imposed after jury verdicts. See *State v. Ashworth*, 143 S.W.2d 279, 284 (Mo. 1940); *State v. Kitchin*, 300 S.W.2d 420, 424 (Mo. 1957); *State v. McClanahan*, 418 S.W.2d 71, 74 (Mo. 1967); *Richardson v. State*, 470 S.W.2d 479, 485 (Mo. 1971) (holding that a prior version of Rule 29.07(b) did not apply to guilty pleas). Because Likins-Osbey pled guilty and was not convicted by a jury, Section 546.570 does not apply to this case and we need not discuss it further.

Allocution includes "a defendant's right personally 'to speak and to present mitigating evidence prior to sentencing.'" *State v. Daniel*, 573 S.W.3d 162, 165 n.1 (Mo. App. S.D. 2019) (quoting *State v. Taylor*, 466 S.W.3d 521, 534 (Mo. banc 2015)). Allocution can occur even when a trial court does not address a defendant directly. *See Taylor*, 466 S.W.3d at 534-35.

Without *some* showing as to how he was prejudiced, a technical violation of Rule 29.07(b) alone does not entitle Likins-Osbey to relief pursuant to Rule 24.035. Rule 24.035 provides the exclusive remedy for "claims that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States…." "[A] technical violation of a Supreme Court Rule does not come within the ambit of Rule 24.035's application to violations of 'laws of this state.'" *Wallar v. State*, 403 S.W.3d 698, 706 (Mo. App. W.D. 2013); *see also Hill v. United States*, 368 U.S. 424, 429 (1962). Thus, "[w]hen Rule 24.035 post-conviction relief is afforded for a violation of a Supreme Court Rule, it is not because the rule itself was violated, it is because the violation had constitutional significance." *Wallar*, 403 S.W.3d at 706 n.6.[6]

---

[6] In a similar vein, Missouri courts have frequently held that a movant may only establish a right to post-conviction relief based on violations of Missouri Supreme Court Rules where those violations affected the voluntariness of the defendant's plea, or otherwise resulted in specific prejudice. *See, e.g., Wallar*, 403 S.W.3d at 706 (a violation of Rule 25.03, which requires the State to make certain disclosures upon receipt of a written request, is only constitutionally significant if the failure also violates *Brady v. Maryland*, 373 U.S. 83 (1963)); *Evans v. State*, 350 S.W.3d 29, 33 (Mo. App. W.D. 2011) (a trial court's violation of Rule 24.02(e), which requires the court to enter judgment on a guilty plea only if it first determines there is a factual basis for the plea, is constitutionally significant only if the trial court's failure results in an involuntary or unknowing plea from the defendant); *Finley v. State*, 321 S.W.3d 368, 371 (Mo. App. W.D. 2010) (same); *Huntley v. State*, 204 S.W.3d 668, 674 (Mo. App. S.D. 2006) (the prosecutor's failure to recite the second element of the charged offense was not constitutionally significant, even if it was a violation of Rule 24.02(e)).

7

The United States Supreme Court has determined that "the failure of a trial court to ask a defendant represented by an attorney whether he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus."[7] *Hill*, 368 U.S. at 428. Such a failure "is neither jurisdictional nor constitutional." *Id.* As a consequence, "collateral relief is not available when all that is shown is a failure to comply with the formal requirements of the Rule. *Id.* (emphasis added); *see also Machibroda v. United States*, 368 U.S. 487, 489 (1962) (applying *Hill* to a guilty plea).

In short, while a trial court's failure to follow the exact Rule 29.07(b) language may technically violate a Supreme Court Rule, it does not entitle a defendant to post-conviction or collateral relief without more. For Likins-Osbey's claim that the trial court violated Rule 29.07(b) to be cognizable, Likins-Osbey must demonstrate any such violation resulted in concrete prejudice.

In *Hill*, the petitioner was not asked whether he wanted to make a statement before being sentenced as required by Federal Rule of Criminal Procedure 32(a).[8] 368 U.S. at 425. On appeal, the United States Supreme Court stated that

> we are not dealing here with a case where the defendant was affirmatively denied an opportunity to speak…. Nor is it suggested that in imposing the sentence the District Judge was either misinformed or uninformed as to any

---

[7] In *Hill*, the prisoner brought his claim under 28 U.S.C. § 2255, which provides relief for prisoners who want to challenge their sentence because it "was imposed in violation of the Constitution or laws of the United States" or is otherwise subject to collateral attack. *Hill*, 368 U.S. at 469-70; 28 U.S.C. § 2255(a). Under Section 2255(d), the prisoner must appeal on application for a writ of habeas corpus. The procedural mechanism in *Hill* does not substantially affect its application to this case.

[8] At the time *Hill* was decided, Rule 32(a) stated in part, "Before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment." *Hill*, 368 U.S. at 425-26. Rule 32 has since been amended, and now a substantially similar requirement exists in Rule 32(i)(4)(A).

8

relevant circumstances. Indeed, there is no claim that the defendant would have had anything at all to say if he had been formally invited to speak.

*Id.* at 429. Ultimately, the Court held "that such collateral relief is not available when all that is shown is a failure to comply with the formal requirements of the Rule." *Id.*

As in *Hill*, Likins-Osbey merely shows a failure to comply with Rule 29.07(b)'s technical requirement that the trial court specifically ask Likins-Osbey if "he has any legal reason why judgment should not be rendered against him." However, the failure by the trial court to exactly quote Rule 29.07(b)(1) at Likins-Osbey's sentencing hearing does not amount to a violation that justifies post-conviction relief. The record shows that the trial court, Likins-Osbey, and his trial counsel reviewed his sentencing assessment report, and neither Likins-Osbey or his trial counsel objected or corrected any information in it. Likins-Osbey does not point to any information that the trial court should have considered but did not. Likins-Osbey's trial counsel made argument as to sentencing based on information contained in the sentencing assessment report. Likins-Osbey addressed the trial court directly when his trial counsel asked if he had "anything [he] would like to say" to the trial court prior to sentencing. All of this, in total, achieves the purpose of allocution, even if the trial court never explicitly asked him whether he had any legal cause as to why he should not be sentenced. Indeed, from the transcript it appears that the circuit court, counsel, and Likins-Osbey all believed that he *was* engaging in allocution when he offered his apology and expression of remorse.

9

Most importantly, just as in *Hill*, Likins-Osbey does not indicate what legal infirmities, if any, he would have raised if the trial court would have specifically asked him whether he had legal cause as to why he should not be sentenced. Without such a showing, we do not find the trial court's failure to specifically ask whether Likins-Osbey "has any legal cause to show why judgment and sentence should be not pronounced against him" to be prejudicial.[9] We hold that Likins-Osbey is not entitled to collateral relief by merely demonstrating a failure to comply with the formal requirements of Rule 29.07(b).

Because Likins-Osbey fails to establish prejudice from the trial court's technical Rule 29.07(b) violation, the motion court did not clearly err in denying Likins-Osbey relief.

### Conclusion

The motion court's judgment is affirmed.

_____
W. DOUGLAS THOMSON, JUDGE

All concur.

---

[9] Though we find the Rule violation by the trial court not to be prejudicial, we are mindful of the importance of allocution as the trial court loses jurisdiction and the defendant loses certain rights upon sentencing. Accordingly, trial courts are well-advised to follow the precise Rule 29.07(1) language which sets forth the best practice and ensures no constitutional violation of any kind occurs in this regard.

10