■
Charles D. JEREMIAH,
Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 24315.

Missouri Court of Appeals,
Southern District,
Division Two.

April 10, 2002.

Petition for Rehearing and Transfer Denied
May 2, 2002.

Application for Transfer Denied
May 28, 2002.

Charles D. Jeremiah, pro se.

Jeremiah W. Nixon, Atty. Gen., Dora A. Fichter, Asst. Atty. Gen., Jefferson City, MO, for respondent.

## MEMORANDUM DECISION AND OPINION

JAMES K. Prewitt, Judge.

Following a trial by jury, Movant was convicted of second-degree murder and armed criminal action. This District affirmed the conviction. Thereafter, Movant filed a motion under Rule 29.15, seeking to have the convictions set aside. Following a hearing in the trial court, Movant's motion was denied. Movant appeals, presenting six points relied on.

We discuss one of Movant's points herein, not because it has merit but because it apparently is a contention of first impression, as we have been cited to no Missouri authority related to it.

■■■ Movant asserts that the requirement of Rule 29.15(i), that Movant has the burden of proving his claims by a preponderance of the evidence, conflicts with the Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Movant asserts that "preponderance of the evidence" asserts a higher standard than that established in *Strickland* for showing ineffective assistance of counsel.[1]

Movant cites *Williams v. Taylor*, 529 U.S. 362, 404–06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), where the portion of the opinion written by O'Connor, J., states that rejecting a claim of ineffective assistance of counsel because it was "not established by a preponderance of the evidence that the result ... would have been different," violates the holding in *Strickland* that movant must only "demonstrate a reasonable probability ... that the result would be different."

Movant misconstrues the effect of Missouri's rule, as it does not require that

1. Movant does not assert that he should not have the burden of proof, and we cannot perceive how a preponderance of the evi-
dence can be improper, as it is the lowest standard of proof. *Iddings v. Mee–Lee*, 82 Hawai'i 1, 919 P.2d 263, 275 (1996).

Movant establish by a preponderance of the evidence that the result would be different, but rather, that the Movant establish by a preponderance of the evidence that there is a reasonable probability that the result would have been different. This is consistent with *Strickland* and *Williams*. This point is denied.

All judges agree to affirm and that a further opinion would have no precedential value. The parties have received a memorandum in which the Movant's remaining contentions are addressed.

The judgment is affirmed pursuant to Rule 84.16(b)(2) and (5).

GARRISON, P.J., and RAHMEYER, J., concur.