STATE of Missouri, Respondent.

v.

Calvin Kevin CLARK, Appellant.

No. SC 87473.

Supreme Court of Missouri,
En Banc.

Aug. 8, 2006.

Mark W. Lyons, Ellen H. Ribaudo, Clayton, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Alison K. Brown, Asst. Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, for Respondent.

## PER CURIAM.[1]

Calvin Kevin Clark shot a man carrying about $1,500 and attempted to rob him. At the guilt phase of the trial, the jury found Clark guilty of first degree assault, armed criminal action, and attempted first degree robbery. At the punishment phase of the trial, the State introduced evidence of prior crimes for which Clark had been acquitted. The jury recommended sentences of life imprisonment, 30 years, and 15 years for first degree assault, armed criminal action, and attempted first degree robbery, respectively. The trial court imposed the recommended sentences, to be served consecutively. Clark contends the court erred in permitting the State to introduce evidence of his prior crimes. No error was committed. The judgment is affirmed.

### Standard of Review

The trial court retains broad discretion over the admissibility of evidence. Error will be found only if this discretion was clearly abused. A trial court will be found to have abused its discretion when a ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *State v. Johns*, 34 S.W.3d 93, 111 (Mo. banc 2000).

### Evidence of this Crime

Clark opened the passenger side door of a vehicle and sat next to the driver. The driver told Clark to get out of the car and reached across Clark's body to open the door and push him out. Clark brandished a gun and refused to get out. As the driver started to exit the car, Clark shot him, demanded money, walked around the car, and shot him again. They struggled as Clark tried to go through the driver's pockets. The driver managed to get back into his car and drive away. As he drove away, Clark shot him two more times in the back through the rear window.

### Evidence of Prior Crimes

During the second phase of the trial, the State introduced evidence that Clark had committed four murders.

With respect to an April 16, 2001, incident, Irving Massie testified he and three others were painting a house. Clark and another came into the house, armed with guns. Clark shot Massie twice in the back of the head. Later that day, the police found two of the other painters at the house and the third at another location. All three were dead. At both locations, police found 9 mm shell casings.

Jennifer Wesson testified as to a separate incident that occurred on November 2, 1999. She testified Clark shot and killed a man in the area of a liquor store. A store clerk corroborated Wesson's testimony.

### Other Evidence

A police officer testified that he examined the ballistic evidence seized in both places of the April 16, 2001, incident and the shell casings in this case. He stated that all the shell casings seized matched each other, "so they were positive and definitely fired from the same firearm."

1. This Court transferred this case after decision by the Court of Appeals, Eastern District, authored by the Honorable Nannette A. Baker. Mo. Const. article V, section 10. Parts of that opinion are incorporated without further attribution.

The defense noted Clark was found not guilty of both the April 16, 2001, incident and the November 2, 1999, incident by separate juries. Additionally, a defense witness testified that during the trial of Clark's co-actor for the April 16, 2001, incident Massie testified that Clark was the man who shot him. However, when asked in court to point out the individual who shot him, Massie identified Clark's co-actor.

## Discussion

In his sole point relied on, Clark argues that the trial court erred by allowing the State to introduce evidence of acquitted crimes during the penalty phase of the trial. Section 557.036.3, RSMo Supp.2004,[2] states:

> If the jury at the first stage of a trial finds the defendant guilty of the submitted offense, the second stage of the trial shall proceed. The issue at the second stage of the trial shall be the punishment to be assessed and declared. Evidence supporting or mitigating punishment may be presented. Such evidence may include, within the discretion of the court, evidence concerning the impact of the crime upon the victim, the victim's family and others, the nature and circumstances of the offense, and the *history and character of the defendant.* (Emphasis added)

As a general rule, the trial court has discretion during the punishment phase of trial to admit whatever evidence it deems to be helpful to the jury in assessing punishment. *State v. Winfield,* 5 S.W.3d 505, 515 (Mo. banc 1999); *State v. Kinder,* 942 S.W.2d 313, 331 (Mo. banc 1996). Both the State and the defendant may introduce any evidence pertaining to the defendant's character in order to help

the jury assess punishment in a penalty phase setting. *State v. Jaco,* 156 S.W.3d 775, 781 (Mo. banc 2005). Even evidence of a defendant's prior unadjudicated criminal conduct may be heard by the jury in the punishment phase of a trial. *Winfield,* 5 S.W.3d at 515; *see also State v. Ferguson,* 20 S.W.3d 485, 500 (Mo. banc 2000) (holding that admitting unadjudicated bad acts during the penalty phase did not violate due process).

In this case, the jury found Clark guilty. Afterwards, during the penalty phase of the trial, the State introduced evidence that Clark shot five other individuals, killing four of them—three in a triple homicide, one in a separate incident. The State also introduced evidence that all those individuals were shot with the same gun that Clark used to shoot the victim in this case. Clark stood trial for these shootings in two separate trials and was found not guilty both times.

The State introduced Clark's previous acquittals during the second phase of the trial to support the State's request that Clark be sentenced to the maximum terms available for his crimes, not to determine whether Clark was guilty of shooting the victim. The trial court took judicial notice of Clark's earlier acquittals in open court before the jury. In the trial's sentencing phase Clark's counsel and the state reminded the jury of the acquittals in opening statement and closing argument.

Whether the State can introduce evidence of Clark's previous acquittals during the penalty phase is an issue of first impression in this state. The United States Supreme Court, however, directly addressed this issue in *United States v. Watts,* 519 U.S. 148, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997). In *Watts,* the Court found that an acquittal in a criminal case

**2.** All other statutory references are to RSMo 2000, unless otherwise noted.

does not preclude the government from relitigating an issue when it is presented in a subsequent action governed by a lower standard of proof. *Id.* at 157, 117 S.Ct. 633. *Watts* also held that a jury's verdict of not guilty does not prevent the sentencing court from considering conduct underlying the charge, so long as that conduct has been proved by a preponderance of the evidence. *Id.*

The Supreme Court based its holding, in part, on 18 U.S.C. Section 3661, which provides: "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." *See Watts,* 519 U.S at 151, 117 S.Ct. 633. Much like the United States Code, section 557.036.3, RSMo Supp.2004, allows the sentencing trial court to consider "[e]vidence supporting or mitigating punishment." "Such evidence may include, within the discretion of the court, evidence concerning the impact of the crime upon the victim, the victim's family and others, the nature and circumstances of the offense, and the history and character of the defendant." *Id.*

■ In *Watts,* the Supreme Court reasoned that an acquittal on criminal charges does not prove that the defendant is innocent; it merely proves the existence of a reasonable doubt as to his guilt. 519 U.S. at 155, 117 S.Ct. 633. An acquittal is not a finding of any fact. *Id.* An acquittal can only be an acknowledgment that the government failed to prove an essential element of the offense beyond a reasonable doubt. *Id.* Without specific jury findings, no one can logically or realistically draw any factual finding inferences. *Id.* As such, the Supreme Court held that an acquittal in a criminal case does not preclude the government from relitigating an issue

when it is presented in a subsequent action governed by a lower standard of proof. *Id.; Dowling v. United States,* 493 U.S. 342, 349, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990).

In *Jaco,* this Court held that the punishment phase of a trial is generally subject to a lower standard of proof than the guilt phase of the trial. 156 S.W.3d at 780. In *Jaco,* the defendant's 20–year sentence was within the original, unenhanced range of punishment, which was 10 to 30 years or life imprisonment for abusing and causing the death of her 13–month–old child. *Id.* at 777, 780. In *Jaco,* the court found that neither *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), nor *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), held that a jury is required to find facts beyond a reasonable doubt to impose a sentence that is within the unenhanced range of punishment for an offense. Id. at 780. Instead, under *Ring* and *Apprendi,* facts that are the functional equivalent of elements of offenses, such as a statutory aggravating circumstance that is required for eligibility for the death penalty, must be found beyond a reasonable doubt. *Id.; see also Ring,* 536 U.S. at 602, 122 S.Ct. 2428; *Apprendi,* 530 U.S. at 482–83, 120 S.Ct. 2348. This Court held that since the defendant's sentence was within the original unenhanced range of punishment, any facts that would have tended to assess her punishment within that range were not required to be found beyond a reasonable doubt by a jury. *Jaco,* 156 S.W.3d at 780–81.

■ Much like the defendant in *Jaco,* Clark's sentences were within the original unenhanced range of punishment. The jury found Clark guilty of assault in the first degree, a class A felony, armed criminal action, an unclassified felony, and attempted robbery in the first degree, a

class B felony. The authorized term of imprisonment for a class A felony is a term of years not less than ten years and not to exceed 30 years, or life imprisonment. *Section 557.011.1(1)*. The authorized term of imprisonment for a class B felony is a term of years not less than five years and not to exceed 15 years. *Section 557.011.1(2)*. Under section 571.015.1, an individual convicted of armed criminal action shall be punished by imprisonment by the department of corrections and human resources for a term of not less than three years. The statute specifies a minimum sentence of three years but does not state a maximum penalty. *State v. Norton*, 949 S.W.2d 672, 678 (Mo.App.1997). The absence of a stated maximum penalty merely indicates a legislative intent that a defendant convicted of the offense may be sentenced to any term of years above the minimum, including life. *Thurston v. State*, 791 S.W.2d 893, 895 (Mo.App.1990). Since Clark was sentenced to life imprisonment on the assault count, 30 years on the armed criminal action count, and 15 years on the attempted robbery count, all the sentences were within the original unenhanced range of punishment.

As Clark did not receive enhanced sentences, any facts that would have tended to assess his punishment within that range were not required to be found beyond a reasonable doubt by a jury. Since those facts were subject to a lower standard of proof than beyond a reasonable doubt, the State was not precluded from introducing evidence of Clark's prior incidents during the penalty phase of the trial. *See Watts*, 519 U.S. at 155, 117 S.Ct. 633. As the Supreme Court reasoned in *Watts*,

"a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." *Id.* at 157, 117 S.Ct. 633. As such, the trial court did not err by allowing the State to introduce evidence of Clark's prior acquittals during the penalty phase of the trial.[3]

The judgment is affirmed.

All concur.

---

3. As previously noted, the judge and attorneys mentioned Clark's acquittals to the jury numerous times. Clark did not request that a jury instruction be given clarifying that the jury could consider the evidence of the other incidents solely for the purpose of determining the history and character of the defendant. Nor did Clark request any other instruction concerning the incidents. The Court does not decide whether any such instruction is appropriate.