**STATE of Missouri, Respondent,**

v.

**Laurence Cleo HAYS II, Appellant.**

**No. WD 73942.**

Missouri Court of Appeals, Western District.

Feb. 5, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 5, 2013.

Application for Transfer to Supreme Court Denied April 30, 2013.

---

Evan J. Buchheim, Jefferson City, MO, for Respondent.

S. Kate Webber, for Appellant.

Before Division Two: JOSEPH M. ELLIS, Presiding Judge, ALOK AHUJA, Judge and MARK D. PFEIFFER, Judge.

Appellant Laurence C. Hays, II, appeals from his conviction of three counts of stat-

utory sodomy in the second degree, § 566.064.[1] The State also raises a point of error on appeal regarding a clerical error in the trial court's judgment with respect to Appellant's sentencing.

The point of error raised by the State is meritorious and requires amendment of the judgment. The four points of error raised by Appellant, however, lack merit, and a formal, published discussion related thereto would serve no jurisprudential purpose. Accordingly, we affirm Appellant's conviction by summary order pursuant to Rule 30.25(b). A memorandum explaining the reasons for our decision on those points has been provided to the parties. This opinion addresses only the State's point on appeal.

On, November 18, 2009, Appellant's biological daughter, G.B., told her grandmother[2] that Appellant had been touching her. G.B.'s cousin called the police, and Appellant was arrested that evening.

Appellant was charged by way of information in lieu of indictment with three counts of statutory sodomy in the second degree. Prior to trial, the trial court found Appellant to be a prior and persistent offender. On March 23, 2011, a jury found Appellant guilty on all three counts of second-degree statutory sodomy.

At Appellant's sentencing hearing, the trial court sentenced him, as a prior and persistent offender, to twelve years on each count.[3] In its written judgment, however, the trial court states only that it finds Appellant to be a prior offender.

In its sole point on appeal, the State contends that the trial court's written sen-

---

1. All statutory citations are to RSMo 2000 unless otherwise noted.

2. G.B.'s grandmother legally adopted her in 2000. Thus, at trial, G.B. referred to her grandmother as her mom and her cousin, who also lived in the home prior to 2009, as her sister. For purposes of this opinion, how-

ever, we will refer to them as G.B.'s grandmother and G.B.'s cousin in order to avoid confusion.

3. The trial court ordered count I to be served consecutively to the twelve-year sentences imposed for count II and III, which the court ordered to run concurrently.

tence and judgment incorrectly states that Appellant was found to be only a prior offender because the State alleged and proved, and the trial court expressly found on the record, that Appellant was a prior *and* persistent offender.

 "[T]he failure to accurately memorialize the trial court's judgment as announced in open court is a clerical error." *State v. Johnson,* 220 S.W.3d 377, 384 (Mo. App. E.D.2007). Such mistakes "can be corrected by a *nunc pro tunc* order, so long as the trial court's intentions regarding the defendant's sentence is clear from the record." *State v. Page,* 309 S.W.3d 368, 374 (Mo.App. E.D.2010).

The record reflects that, prior to trial, the State offered proof that Appellant had three prior felony convictions and requested that Appellant be sentenced as a prior and persistent offender. At the conclusion of such evidence, the trial court found, beyond a reasonable doubt, that Appellant was "a prior and persistent offender as defined by Missouri law, ... proof being received [of Appellant] being convicted of three separate felonies at different times." Additionally, at the sentencing hearing, the trial court stated that it "had found that [Appellant] was a prior and persistent offender beyond a reasonable doubt outside the hearing of the jury. As a result of that finding and as a result of the guilty verdicts, the punishment ranges are enhanced for these offenses." Nonetheless, the judgment entered by the trial court states that "[t]he court finds beyond a reasonable doubt that the defendant is a: Prior Offender (558.016 RSMo)."

 Despite its written judgment, the record reflects that the trial court expressly found Appellant to be a prior *and* persistent offender. Accordingly, it is clear from the record that the trial court's failure to accurately memorialize its decision that Appellant is a prior and persistent

offender, as it was announced in open court, resulted from clerical error. "Rule 29.12 permits a trial court to correct such clerical errors in the judgment that obviously are a result of oversight or omission." *State v. Taylor,* 123 S.W.3d 924, 931 (Mo.App. S.D.2004). Therefore, while we affirm Appellant's conviction and sentence in a memorandum that has been furnished to the parties pursuant to Rule 30.25(b), we must remand with instructions to the trial court to enter a written judgment reflecting the judgment and sentence as they were announced by the trial judge in open court.

The judgment is reversed, and the case is remanded with instruction to the trial court to enter a *nunc pro tunc* order conforming the trial court's written sentence and judgment to its finding that Appellant is a prior and persistent offender.

All concur.