

# In the Missouri Court of Appeals
# Eastern District

### DIVISION FIVE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED99135 |
| | ) | |
| Respondent, | ) | |
| | ) | Appeal from the Circuit Court |
| vs. | ) | of St. Louis County |
| | ) | |
| WILLIE DAVIS, | ) | Honorable Robert S. Cohen |
| | ) | |
| | ) | |
| Appellant. | ) | Filed: January 14, 2014 |

Willie J. Davis appeals the judgment of the trial court entered upon a jury's verdict convicting him of one count of attempted forcible sodomy and one count of first-degree misdemeanor sexual misconduct. We affirm in part and reverse and remand in part.

## I.  BACKGROUND

Viewed in the light most favorable to the verdict, the facts are as follows. Davis worked at Krispy Kreme as a driver. On the morning of October 6, 2009, he arrived at Krispy Kreme and encountered one of the managers, M.H. As they were walking into the building, M.H. held the door for Davis, and he pushed her against the wall and grabbed her around her waist. He tried to put his hands under her shirt and jacket, but was unable to do so. He also attempted to put his hand down the front of her pants, but also was unable to do so. When M.H. told him another worker would be there any minute, Davis loosened his grip on M.H., and she was able to walk away. The next day, Davis had a sexual encounter with R.H., which he claimed was

consensual. However, R.H. reported the incident to the district manager, and ultimately Davis was criminally charged. With respect to his conduct with R.H., Davis was charged with forcible sodomy, attempted forcible rape, and first-degree misdemeanor sexual misconduct. As a result of his conduct with M.H., Davis was charged with attempted forcible sodomy and first-degree misdemeanor sexual misconduct.

Following a jury trial of all charges relating to both M.H. and R.H., Davis was found not guilty of the charges relating to his conduct with R.H. The jury found him guilty of the charges of attempted forcible sodomy and first-degree misdemeanor sexual misconduct resulting from his conduct with M.H. The trial court sentenced Davis to ten years' imprisonment for attempted forcible sodomy and one year for sexual misconduct, to be served concurrently.[1] Davis now appeals.

## II.     DISCUSSION

### A.     Sufficiency of the Evidence

In his first point on appeal, Davis claims the trial court erred in denying his motion for judgment of acquittal notwithstanding the verdict and entering judgment upon the jury's conviction for attempted forcible sodomy because there was insufficient evidence to support the verdict. Davis argues the State failed to sufficiently prove he was attempting to place his hand on M.H.'s genitals, which is necessary to establish he attempted to engage in deviate sexual intercourse. According to Davis, it requires "sheer speculation" to reach the conclusion his purpose was to touch M.H.'s genitals from her testimony that he attempted to put his hand down her pants. This argument is without merit.

---

[1]Davis's final point on appeal concerns the inconsistency between the trial court's oral pronouncement of the sentences to run concurrently and the written sentence which reflects the suspended execution of Davis's one-year sentence. We address this below.

Our review of a challenge to the sufficiency of the evidence is limited only to a determination of whether there was sufficient evidence from which a reasonable juror could have found the defendant guilty beyond a reasonable doubt. *State v. Liberty*, 370 S.W.3d 537, 542 (Mo. banc 2012). We accept all evidence and reasonable inferences therefrom in support of the defendant's guilt as true, and we disregard all evidence and inferences to the contrary. *Id*.

Pursuant to Section 566.060.1 RSMo (Cum. Supp. 2009),[2] a person commits the offense of sodomy in the first degree[3] if he "has deviate sexual intercourse with another person by the use of forcible compulsion." "Deviate sexual intercourse" is defined in Section 566.010(1) RSMo (Cum. Supp. 2006) in relevant part as, "any act involving the genitals of one person and the hand . . . of another person . . . ."

Under Section 564.011.1 RSMo (2000), a person is guilty of attempt when, "with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense. A 'substantial step' is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." Therefore, in order to prove the crime of attempt, the State must prove two elements: (1) the defendant's purpose to commit the underlying offense, which in this case is forcible sodomy; and (2) conduct which constitutes a substantial step toward the commission of the offense. *See Finley v. State*, 321 S.W.3d 368, 371 (Mo. App. W.D. 2010). Section 564.011 does not require an actual and specific attempt to perform each and every element of the crime. *Id*. In addition, the defendant's conduct does not have to be the ultimate step toward or the last possible act in the completion of the crime attempted. *Id*. The defendant's intent is rarely the subject of direct proof, and the circumstances of each particular case must be carefully considered. *Id*.

---

[2] All further references to Section 566.060 are to RSMo (Cum. Supp. 2009).
[3] Forcible sodomy and sodomy in the first degree are used interchangeably herein.

Davis agrees the evidence in the present case did show he "attempted to put his hands down [M.H.'s] pants." However, he relies upon *State v. Keeler*, 856 S.W.2d 928 (Mo. App. S.D. 1993), to support his argument that it required "sheer speculation" to conclude his purpose was to touch M.H.'s genitals from that evidence. In *Keeler*, the court concluded there was insufficient evidence to prove the offense of attempted kidnapping from the defendant's actions in making a U-turn, pulling alongside the victim, opening his door, and ordering her into the car. *Id*. at 930, 931. Although the State suggested the defendant's purpose was to commit a felony or terrorize the victim, the court found there was no evidence in the record to show the defendant performed his actions for those purposes, which were enumerated in the kidnapping statute, Section 565.110.1 RSMo (1986). *Id*. The court concluded there was no evidence from which a jury could reasonably infer the defendant's purpose, and therefore, it would be "sheer speculation" to conclude his purpose in getting the victim in his car was to commit a felony, inflict physical injury on her, or to terrorize her. *Id*. at 931.

The present case is distinguishable from the facts of *Keeler*. Here, unlike *Keeler*, there was sufficient evidence presented at trial from which a juror could reasonably infer Davis's purpose in attempting to put his hand down M.H.'s pants was to touch M.H.'s genitals. M.H. testified Davis grabbed her, pulled her against the wall, and wrapped his arms around her waist "pretty tightly." He made a comment about having an orgy, and he tried to put one hand down her shirt. M.H. testified Davis tried to put his hand down the front of her pants while he was holding her by her waist. Davis only loosened his grip when M.H. told him another employee would be there "any second," and M.H. was able to escape from his grip.

A jury is permitted to draw reasonable inferences from the evidence, and it was a reasonable inference from the evidence presented at trial that Davis's purpose in attempting to

4

put his hand down M.H.'s pants was to touch her genitals. His statement regarding having an orgy and his actions were "strongly corroborative" of his purpose to commit the offense of forcible sodomy, and therefore there was sufficient evidence from which a jury could reasonably conclude he took a substantial step toward the commission of that offense. *See State v. Bonich*, 289 S.W.3d 767, 772 (Mo. App. S.D. 2009) (evidence defendant touched victim outside her underwear and stopped when she woke up sufficient to support inference he would have continued to pursue his purpose and sufficient to support conviction for attempted statutory sodomy). As a result, there was sufficient evidence to support Davis's conviction for attempted forcible sodomy, and the trial court did not err in denying Davis's motion for judgment of acquittal. Point one on appeal is denied.

**B.      Sentencing**

Davis's second and third points on appeal concern the trial court's consideration of his conduct with R.H. and allowing her to make a statement as to the effect of his conduct at sentencing because the jury acquitted him of the charges with respect to R.H. In his second point on appeal, Davis argues the trial court's consideration of conduct for which he had been acquitted subjected him to double jeopardy. In his third point on appeal, Davis claims the evidence of his conduct and its effect on R.H. was not legally relevant to sentencing because the jury acquitted him of the charges related to his conduct.

**1. Double Jeopardy**

In his second point on appeal, Davis claims his right to be free from double jeopardy was violated by the trial court's admission of R.H.'s statement at sentencing and consideration of his conduct with R.H. because he was acquitted of the charges relating to R.H. Davis claims the court improperly enhanced his sentence because of Davis's conduct with R.H.

5

Initially we note that while Davis did object to R.H.'s statement during the sentencing phase of the trial, the objection was only to the relevance of R.H.'s statement. Davis did not raise any argument concerning the violation of his right to be free from double jeopardy. It is well-established that to preserve a constitutional issue for review, it must be raised at the earliest opportunity. *Liberty*, 370 S.W.3d at 546. However, because the right to be free from double jeopardy is one that goes to the very power of the State to bring a defendant into court to answer the charges against him, a double jeopardy claim may be reviewed for plain error if not raised at the earliest possible time. *Id*. (internal citation omitted). Under plain error review, the defendant must prove the error so substantially affected his rights that a manifest injustice or miscarriage of justice will result if left uncorrected. *Id*.

Pursuant to Section 557.036.3 RSMo (Cum. Supp. 2003), once a defendant is found guilty of the charged offense, the second stage of the trial is the punishment to be assessed. The statute states that evidence supporting or mitigating the sentence may be presented, including in relevant part, "evidence concerning . . . the history and character of the defendant." Both the State and the defendant may introduce any evidence of the defendant's character to help assess punishment in the penalty phase of trial. *State v. Clark*, 197 S.W.3d 598, 600 (Mo. banc 2006).

In *Clark*, the Missouri Supreme Court considered the issue of whether the trial court erred in allowing the State to present evidence of crimes for which the defendant had been acquitted during the penalty phase of trial. *Id*. The Court cited extensively to *United States v. Watts*, 519 U.S. 148 (1997), in which the United States Supreme Court determined an acquittal in a criminal case does not preclude the government from relitigating an issue in a subsequent action if the action is governed by a lower standard of proof because an acquittal is not proof the defendant is innocent; it merely proves reasonable doubt as to his guilt. *Id*. at 600-01. The *Clark*

court noted that in *Watts*, the Supreme Court also held a jury's verdict of not guilty did not prevent a sentencing court from considering conduct underlying a charge for which the defendant was acquitted if the conduct is proven by a preponderance of the evidence. *Id*. at 601.

Davis concedes the *Clark* and *Watts* decisions determined the issue of double jeopardy in the context of the United States Constitution. However, Davis claims neither case addressed his argument that the trial court's decision to allow R.H.'s statement and consider his conduct with R.H. at sentencing violated his right to be free from double jeopardy under the Missouri Constitution. Article I, Section 19 of the Missouri Constitution states no person shall be "put again in jeopardy of life or liberty for the same offense, after being once acquitted by a jury . . . ." He claims his liberty was impaired because he received a lengthier prison sentence than he would have absent consideration of his conduct with R.H., and therefore, the court violated his right under the Missouri Constitution to be free from double jeopardy. We disagree.

As the court noted in *Clark*, here, Davis was sentenced within the original range of punishment for attempted forcible sodomy. Pursuant to Section 566.060.2, the authorized term of imprisonment for the offense of attempted sodomy in the first degree is "life imprisonment or a term of year not less than five years . . . ."[4] During sentencing, counsel for Davis requested that Davis be sentenced for attempted forcible sodomy in accordance with the sentencing assessment report, which was a term of five years. The State requested that Davis receive a sentence of twenty-five years. The trial court entered a sentence of ten years' imprisonment. The trial court did not punish Davis for his conduct relating the acquitted charges, but instead merely considered the conduct in assessing punishment for the crime of attempted forcible sodomy. The trial court sentenced Davis within the range of punishment for attempted forcible sodomy and therefore, he was not deprived of his liberty after being acquitted of the charges

---

[4] Absent certain aggravating factors further enumerated in Section 566.060, which are not applicable here.

7

against him concerning his conduct with R.H. As a result, his right to be free from double jeopardy under Article I, Section 19 of the Missouri Constitution was not violated by the trial court's consideration of his conduct with R.H. Point two on appeal is denied.

### 2. Legal Relevance

In point three on appeal, Davis claims the trial court improperly considered evidence of his conduct with R.H. because such evidence was not legally relevant, and the State failed to prove the conduct by a preponderance of the evidence. In support of his argument, Davis points to the State's closing argument during which the prosecutor told the jury their decision came down to which witness they believed, R.H. or Davis. The State said the jury had to choose between the two scenarios presented by the evidence. According to Davis, because the State made this closing argument and the jury acquitted Davis of the charges concerning R.H., the State could not prove Davis's criminal conduct by a preponderance of the evidence.

As discussed above, the Court in *Clark* determined that a jury's acquittal of the charges against a defendant does not preclude the sentencing court from considering conduct underlying those charges if the conduct is proven by a preponderance of the evidence. 197 S.W.3d at 602 (citing *Watts*, 519 U.S. at 157). Preponderance of the evidence is defined as evidence of greater weight or more convincing than evidence in opposition to it. *Bey v. State*, 272 S.W.3d 378, 383 (Mo. App. E.D. 2008). It is evidence which as a whole shows the fact to be proven to be more probable than not. *Id*. It is the lowest standard of proof. *Jeremiah v. State*, 73 S.W.3d 857, 859 n.1 (Mo. App. S.D. 2002).

Here, although the jury found Davis not guilty of the charges concerning his conduct with R.H., that conduct was proven by a preponderance of the evidence. The trial court noted during sentencing it would consider the evidence presented at trial along with the materials contained in

8

the sentencing assessment report, among many factors. R.H. testified at trial that while she was working on October 7, 2009, Davis grabbed her around her waist and touched her breasts over her clothing. Davis let her go, and she continued working. Davis subsequently asked R.H. to come back into the break room to look for some donuts, and he grabbed her again. R.H. testified Davis put his hand down R.H.'s pants and inserted his fingers into her vagina. He tried to pull down her pants but could not because R.H. was holding them. Davis forced his tongue in her mouth and pushed her against the wall. He pulled out his penis and told her to "suck it." Davis then rubbed his penis on her clothing until he ejaculated. Forensic testing of the semen on R.H.'s clothing resulted in a finding that the DNA profile found on her clothing was consistent with Davis's DNA profile. Although Davis testified the encounter was consensual, R.H.'s testimony was sufficient to establish Davis's conduct by a preponderance of the evidence. Therefore, the trial court did not err in considering Davis's conduct with R.H. underlying the charges for which Davis was acquitted. Point three on appeal is denied.

## C.  Improper Sentence

In his fourth and final point on appeal, Davis claims the trial court's written sentence was erroneous because it conflicts with the court's oral pronouncement of his sentence. The State concedes this error.

At sentencing, the trial court stated it was sentencing Davis to ten years' imprisonment for the charge of attempted forcible sodomy and one year for the misdemeanor sexual misconduct charge. The court stated the sentences were to be served concurrently. However, the written sentence and judgment contains a check mark in the box indicating the court suspended the execution of the one-year sentence for misdemeanor sexual misconduct.

The failure to accurately record the trial court's sentence as orally pronounced in open court is a clerical error. *State v. Hays II*, 396 S.W.3d 385, 387 (Mo. App. W.D. 2013). Such an error may be corrected by a *nunc pro tunc* order if the trial court's intentions regarding the sentence are clear from the record. *State v. Primm*, 347 S.W.3d 66, 73 (Mo. banc 2011).

The record in this case reflects the trial court's pronouncement that Davis's sentences would run concurrently with each other. There was no statement by the trial court indicating any intent to suspend the execution of Davis's sentence for misdemeanor sexual misconduct. Thus, the mark on the sentence and judgment so indicating was a clerical error. Pursuant to Rule 29.12(c),[5] clerical mistakes in judgments "may be corrected by the court at any time after such notice, if any, as the court orders." Therefore, while we affirm Davis's convictions and sentence in all other regards, we must remand the cause to the trial court with instructions to enter a written judgment reflecting the judgment and sentence as announced in open court.

## III.   CONCLUSION

The judgment of the trial court is affirmed in part and reversed and remanded in part, with instructions to the trial court to enter a *nunc pro tunc* order conforming the trial court's written sentence and judgment to its pronouncement of Davis's sentences to run concurrently.

_____
ROBERT M. CLAYTON III, Chief Judge

Glen A. Norton, J. and
Patricia L. Cohen, J., concur.

---

[5]All references to Rules are to Missouri Supreme Court Rules (2012).