**STATE of Missouri, Respondent,**

v.

**Emanshwa PRINCE, Appellant.**

**ED 104539 & 104606**

Missouri Court of Appeals,
Eastern District,
DIVISION THREE.

FILED: August 15, 2017

Maleaner R. Harvey, for appellant.

Christine K. Lesicko, for respondent.

Gary M. Gaertner, Jr., Presiding Judge

### Introduction

Emanshwa Prince (Defendant) appeals from the trial court's sentence and judgment of conviction for one count of attempted sodomy in the first degree, one count of kidnapping, and two counts of armed criminal action. Defendant contends there was insufficient evidence to prove beyond a reasonable doubt that he took substantial steps toward the commission of attempted sodomy in the first degree or that he committed the attempted sodomy in the first degree with the aid of a deadly weapon. We affirm.

### Background

The State charged Defendant as a prior felony offender with one count of the class B felony of kidnapping, one count of the unclassified felony of attempted sodomy in the first degree, and two counts of armed criminal action. At the bench trial, the evidence viewed in the light most favorable to the guilty verdicts [1] showed the following.

In September of 2014, C.M. (Victim) was on her way to school when Defendant pulled up in a white car and started to compliment her. Victim crossed the street to wait at a bus stop. Defendant circled around the block, pointed a gun at Victim, and told her to "get in the car." Victim, afraid of what Defendant might do to her, entered his car. Meanwhile, a local retired truck driver (the witness) was passing by while taking his nephew and another child to school, and he noticed a white car attempting to "pick up a little girl." The witness decided to make a U-turn because he was curious about what was happening and after observing for a while called 911 to report the suspicious activity.

With the gun on his lap, Defendant drove a few blocks and parked the car. Defendant pulled down his pajama pants, leaned his seat back, and told Victim to "suck his d-." Victim resisted, and Defendant pointed his gun at Victim's head. Victim then told Defendant, "[y]ou might as well just go ahead and shoot me because you are going to shoot me anyway[.]" While this was occurring, Saint Louis Metropolitan Police Department Officers Aaron Webster and Cortez Miles drove by Defendant's parked car and noted it matched the description from a suspicious-person call they had received earlier that morning. After the officers drove by, Defendant started the car and began to drive in the opposite direction. The officers made a U-turn and pulled the Defendant over. Victim exited the car and ran toward the officers, but Officer Webster told her to get back into the car. Victim told Officer Webster that she needed help because Defendant had a gun. Officer Miles then arrested Defendant. While searching Defendant's car, Officer Miles found a revolver behind the passenger seat.

On his way back from taking the children to school, the witness observed that the police officers had pulled over the white car he had noticed earlier that morning. He stopped to let the officers know this was the same vehicle he had reported to 911.

At trial, Defendant testified in his defense that Victim asked Defendant for a ride to school. Defendant denied pointing a

---

**1.** See State v. Scholl, 114 S.W.3d 304, 307 (Mo. App. E.D. 2003),

gun at Victim and demanding oral sex. Defendant stated he is partially paralyzed on the left side of his body due to a gunshot wound to his head, so it is impossible for him to hold the gun in his right hand and pull his pants down using only his left hand.

At the close of evidence, the trial court found Defendant guilty on all counts and sentenced him to a total of 18 years in the Missouri Department of Corrections. This appeal follows.

## Point on Appeal

In his sole point on appeal, Defendant alleges the trial court erred in entering judgment against him because there was insufficient evidence from which a reasonable trier of fact could convict him of attempted sodomy in the first degree and armed criminal action.[2] Specifically, Defendant contends the State failed to prove beyond a reasonable doubt that Defendant took a substantial step towards the commission of the offense of sodomy in the first degree and that he used a deadly weapon in the alleged offense. We disagree.

## Standard of Review

■■■ We review claims challenging the sufficiency of the evidence for whether the State has introduced evidence from which a reasonable juror could have found each element of the crime beyond a reasonable doubt. State v. Nash, 339 S.W.3d 500, 508-09 (Mo. banc 2011). This Court does not reweigh the evidence, but, rather, it accepts as true all of the evidence favorable to the State and grants the State all reasonable inferences. State v. Hosier, 454 S.W.3d 883, 898 (Mo. banc 2015). We may not, however, "supply missing evidence or give the [State] the benefit of unreasonable, speculative or forced inferences." State v. Wright, 445 S.W.3d 623, 627 (Mo. App. W.D. 2014) (internal quotation marks and citations omitted).

## Discussion

■■■ "A person commits the offense of sodomy in the first degree if he or she has deviate sexual intercourse with another person who is incapacitated, incapable of consent, . . . or by the use of forcible compulsion." Section 566.060.[3] Under Section 556.061(27), forcible compulsion is defined as "[a] threat, express or implied, that places a person in reasonable fear of death, serious physical injury or kidnapping of such person or another person."

■■■ A person is guilty of attempt when, "with the *purpose* of committing the offense, a person performs any act which is a *substantial step* towards the commission of the offense." Section 564.011.1 (emphasis added). To act with purpose means that it is the actor's "conscious object to engage in that conduct or to cause that result." Section 562.016.2. A substantial step is conduct that is "strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." Section 564.011.1. A defendant's actions do not have to be the final possible step in the completion of the attempted crime. State v. Davis, 422 S.W.3d 458, 461 (Mo. App. E.D. 2014). Any conduct demonstrating a firmness of intent to complete the crime is sufficient to prove attempt. State v. Kusgen, 178 S.W.3d 595, 599 (Mo. App. W.D. 2005). In Missouri, abandonment is generally not a defense to attempt.

---

2. Defendant does not challenge on appeal his convictions for kidnapping and the associated charge of armed criminal action.

3. All statutory references are to RSMo. (Supp. 2013) unless otherwise indicated.

State v. Rollins, 321 S.W.3d 353, 360 (Mo. App. W.D. 2010).

Defendant argues a reasonable trier of fact would not have found that his conduct constituted a substantial step toward the commission of attempted sodomy in the first degree. We disagree. Here, the evidence was sufficient to show both Defendant's purpose to commit the offense and that he took a substantial step. See Section 564.011.1. Defendant forced Victim into his car and drove her to a secluded area before pulling down his pants and telling Victim to "suck [his] d-." When Victim initially did not respond to Defendant's request, Defendant pointed his gun at her head. Defendant's actions were sufficient to demonstrate that Defendant's purpose was to commit the act of sodomy and Defendant took steps necessary to carry out that act. See Kusgen, 178 S.W.3d at 599; see also Davis, 422 S.W.3d at 462 (finding conduct that is "strongly corroborative" of defendant's purpose to commit the offense is sufficient for a jury to conclude substantial steps were taken). Although Defendant's theory of defense was that Victim's version of events was impossible due to his paralysis, the trial court, as fact-finder, was free to believe or disbelieve Defendant's claim of paralysis, and we defer to those findings. See Nash, 339 S.W.3d at 509.

Further, Defendant argues he voluntarily withdrew his intent to commit the crime before taking a substantial step, but because we already found he took a substantial step, any withdrawal was too late. See Rollins, 321 S.W.3d at 360 (finding once substantial step has occurred, "abandonment of criminal purpose comes too late to avoid liability"). This Court has previously found once a defendant takes substantial steps towards commission of the crime, liability attaches even if defendant stopped due to interference from the victim or a third party. See State v. Rayburn, 457 S.W.3d 760, 763-64 (Mo. App. E.D. 2014) (upholding defendant's conviction of attempted sodomy because defendant exposed himself and demanded oral sex ˎbefore voluntarily withdrawing from commission of offense to help victim). Likewise here, it is reasonable to infer that Defendant would have continued the commission of the crime if the police had not intervened.

Defendant argues that once Victim resisted Defendant's threats, Defendant proceeded to pull his pants back up which showed that he did not have the firmness of purpose to complete the crime of sodomy in the first degree. But Defendant had already taken a substantial step towards committing sodomy in the first degree when he pulled down his pants and demanded oral sex at gunpoint from the Victim. Therefore, even if the facts supported that Defendant did have a change of heart and abandoned his attempted sodomy, the Defendant's withdrawal was too late to avoid criminal liability. See Rollins, 321 S.W.3d at 360.

Not only was there sufficient evidence supporting Defendant's conviction for attempted sodomy, but there was also sufficient evidence for a reasonable fact-finder to find beyond a reasonable doubt that Defendant used a deadly weapon in the commission of this crime. See Section 571.015.1, RSMo. (2000); see also Nash, 339 S.W.3d at 509. Victim testified that Defendant threatened her with a gun. Also, the officers found a gun in Defendant's car after his arrest. We do not reweigh the evidence on appeal, but we accept as true all evidence supporting the verdict. See State v. Sistrunk, 414 S.W.3d 592, 598 (Mo. App. E.D. 2013).

The State's evidence was sufficient to support the convictions of attempted sodomy in the first degree and the associated

armed criminal action, and the trial court did not err in entering judgment against Defendant. Point denied.

### Conclusion

The judgment of the trial court is affirmed.

Robert M. Clayton III, J., concurs.

Angela T. Quigless, J., concurs.