Gary M. Gaertner, Jr., Presiding Judge
Introduction
Antwane Johnson (Movant) appeals from the motion court's judgment denying his motion under Rule 29.15[1] for post-conviction relief after an evidentiary hearing. On appeal, Movant asserts first that his trial counsel was ineffective for failing to object to various statements the State made during sentencing and for failing to object to the sentence itself, and second that the sentencing court's sentence was an abuse of discretion. We affirm.
Factual and Procedural Background
A jury convicted Movant of first-degree burglary, first-degree robbery, and armed criminal action (ACA) after a trial at which they heard the following facts. On May 16, 2012 Movant, who was armed with a knife, and Jerome Burse (Burse), who was armed with a .38 caliber revolver, entered a home in the City of St. Louis that Hakeem Grant (Grant), his girlfriend Jasmine Hopkins, their seven-month-old daughter Z.G., Kiana Miller (Miller), Lamonica Ruff (Ms. Ruff), and John Darryl Ruff all occupied. Grant testified that around 2:30 p.m.
*771 he heard his daughter and Miller screaming, and he saw a man armed with a gun holding Miller-who was carrying the baby-in a headlock. Movant gathered all the people in the home into the front room where he and Burse demanded money and jewelry at gunpoint, including the rings from Ms. Ruff's fingers, all of which Movant collected. Movant then held a knife to Ms. Ruff's throat and threatened to cut her throat if the people in the home did not give Movant more money. At this point, Grant drew a .40 caliber pistol from the couch and began shooting at Movant and Burse, striking them both. Grant and Burse continued to shoot at each other as Burse ran away; Burse died from these multiple gunshot injuries. The State charged Movant with: (1) second-degree felony murder for Burse's death, (2) ACA, (3) first-degree burglary, (4) ACA, (5) first-degree robbery, (6) ACA, (7) first-degree robbery, (8) ACA, (9) first-degree robbery, and (10) ACA. The jury convicted Movant of counts 3-10, but acquitted Movant of felony murder and the associated ACA charge.
At the sentencing hearing, the State argued that Movant's crime was "a little bit more than ... what a normal robbery case would involve," specifically pointing out that Burse died during the course of the robbery. The State argued that even though the jury did not convict Movant of felony murder, Burse's death was an "aggravating factor" that the sentencing court should take into account in determining Movant's sentence. The State also argued that the sentencing court should consider Movant's failure to accept responsibility for the crimes in determining the proper sentence, as evidenced by the "three-or four-day" trial. The State then noted Movant's four prior convictions and requested a sentence of twenty-five years, arguing, "[t]his was a violent home invasion, and I think a violent home invasion deserves an appropriate sentence."
Movant's trial counsel countered that Movant had always accepted responsibility for the burglary and robbery but "went to trial specifically because there was no way to negotiate the murder charge out of the ten charges." Movant's counsel requested a sentence at the lower end of the sentencing range, noting that while Movant had prior convictions, they were for nonviolent offenses. Movant addressed the court, expressing his remorse both for the crime and for the pain that Burse's family experienced, and he stated he went to trial "to prove [his] innocence of murder."
In announcing its sentence, the sentencing court recognized that "certainly the jury found [Movant] not guilty of the murder" but noted the physical and psychological injuries that resulted from "going into someone's house and holding them up," including that Burse was killed. The sentencing court again noted that the jury did not find Movant guilty of felony murder, which the court "accept[ed]," but the court stated the jury found Movant guilty of the other charges and "judgment needs to be entered accordingly." The court then sentenced Movant as a prior and persistent offender to concurrent terms of twenty-five years on both the robbery and burglary charges, and to fifteen years each on all ACA charges, concurrent to each other, but consecutive to the robbery and burglary charges, for a total sentence of forty years in the Missouri Department of Corrections. This Court affirmed Movant's conviction and sentence on appeal. State v. Johnson, 479 S.W.3d 736 (Mo. App. E.D. 2016).
Movant filed a timely Rule 29.15 motion. In his timely amended motion, Movant asserted that his trial counsel was ineffective for failing to object to the State's statements at sentencing suggesting Movant's sentence be enhanced for exercising his right to go to trial and for the felony *772 murder charge despite the acquittal, and for failing to object to the sentence itself; and that the sentencing court abused its discretion in enhancing Movant's sentence based on the acquitted felony murder and ACA charges.
After an evidentiary hearing on the motion, the motion court[2] denied Movant's request for relief under Rule 29.15, finding the record did not show the sentencing court either punished Movant for having a trial or sentenced Movant for the acquitted charges. Rather, the motion court stated the sentencing court sentenced Movant based on the "egregious nature of the offenses and the jury's verdicts in this matter." The motion court further noted any objection by trial counsel on these grounds "would not have mattered in the sentencing hearing." Moreover, the motion court found the sentence was "a fair and just sentence based solely on the facts and circumstances as the jury found them in its guilty verdicts." This appeal follows.
Standard of Review
Appellate review of the denial of a post-conviction motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(k). The motion court's findings of fact and conclusions of law are clearly erroneous only if the reviewing court, having examined the entire record, is left with the definite and firm impression that a mistake has been made. McNeal v. State, 500 S.W.3d 841, 844 (Mo. banc 2016).
Discussion
Point I
In his first point on appeal, Movant argues the motion court erred in denying his motion for post-conviction relief because his trial counsel was ineffective for failing to object to the State's arguments during sentencing that Movant should be punished for Burse's murder, of which Movant was acquitted, and that the sentencing court should enhance Movant's sentence for exercising his right to go to trial; and for failing to object to the court's imposition of a fifteen-year-higher sentence than the State's recommendation after the sentencing court noted "somebody [had been] killed." Movant asserts that if his trial counsel had objected, there is a reasonable probability that he would have received a lesser sentence. We disagree.
For relief based on claims of ineffective assistance of counsel, Movant must show by a preponderance of the evidence both that his counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances, and that his counsel's deficient performance prejudiced him. Anderson v. State, 196 S.W.3d 28, 33 (Mo. banc 2006) (citing Strickland v. Washington, 466 U.S. 668, 687-92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ). To establish prejudice from a claim of ineffective assistance of counsel at sentencing, the movant is required to show that, but for counsel's purported errors, there is a reasonable probability that the sentence would have been lower. Bello v. State, 464 S.W.3d 284, 289 (Mo. App. W.D. 2015). Failure to prove either prong is fatal to the claim. Barnes v. State, 334 S.W.3d 717, 721 (Mo. App. E.D. 2011). We "presume[ ] that counsel's conduct was reasonable and effective," and that any challenged action was part of counsel's reasonable trial strategy. Anderson, 196 S.W.3d at 33 ; see also Barnett v. State, 103 S.W.3d 765, 769 (Mo. banc 2003).
*773 A. Movant's Trial Counsel was Not Ineffective for Failing to Object to the State's Argument that Movant's Sentence should be Enhanced for Burse's Death, or for Failing to Object to the Sentence as Above the State's Recommendation after the Court Noted Burse Had Been Killed
During the penalty phase of a trial, a sentencing court "shall decide the extent or duration of sentence or other disposition to be imposed under all the circumstances, having regard to the nature and circumstances of the offense and the history and character of the defendant and render judgment accordingly." See Section 557.036.1.[3] It is the sentencing court's responsibility to consider the circumstances of the crime committed and the defendant's background and character in fashioning a punishment that fits both the crime and the defendant. See Bello, 464 S.W.3d at 291. This Court presumes the sentencing court's "experience and expertise enable the judge to consider appropriate sentencing factors and to disregard improper matters." State v. Donovan, 539 S.W.3d 57, 72 (Mo. App. E.D. 2017).
Here, during the sentencing hearing, the State made the following arguments about the violent nature and circumstances of Movant's crime:
[W]hether or not [Movant] was convicted of the murder, [it] is an aggravating factor and should be taken into account by the Court with regard to [Movant's] sentence. Further, I think with regard to [Movant's] actions, I just want to remind the Court that [Movant] was the man who had a knife held to the neck of one of the victims through the course of the particular incident, was the one who dragged people out of a back room and brought them forward into a room where they were all subsequently threatened and robbed.
Then, before announcing its sentence, the sentencing court stated:
[W]hile you didn't mean to hurt anyone, I mean, just the fact of going into someone's house and holding them up, I mean, that hurts people and they have to live with that the rest of their life.
Even if nobody else gets injured as such, there [are] injuries, psychological injuries beyond that. And here we had, you know, somebody killed. I guess, you know, but for the grace of God, there wasn't several people shot or killed or maimed. But, you know, I guess that's a good thing, but it-the-this whole situation is a terror without a doubt.
The main question before this Court is whether it was proper for the State to argue and for the sentencing court to consider Burse's death during the commission of the crime in determining Movant's sentence for robbery, burglary, and ACA, even though a jury acquitted Movant of felony murder.
The Missouri Supreme Court has previously held that "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." State v. Clark, 197 S.W.3d 598, 602 (Mo. banc 2006) (citing United States v. Watts, 519 U.S. 148, 155, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997) ).[4] The Missouri *774 Supreme Court noted that an acquittal on criminal charges does not prove a defendant's innocence but merely the existence of reasonable doubt in the eyes of the jury. Id. at 601. Accordingly, an acquittal in a criminal case does not preclude the State from relitigating an issue when it arises in a subsequent action governed by a lower standard of proof. Id. at 600-601.
Movant asserts that Clark does not apply here. Movant agrees that Clark allows the sentencing court to consider acquitted "conduct" in determining a sentence, but he contends that here, in the circumstances unique to felony murder, there was no "conduct" by Movant for the sentencing court to consider. A person commits the crime of felony murder when he or she "[c]ommits or attempts to commit any felony, and, in the perpetration or the attempted perpetration of such felony ..., another person is killed as a result of the perpetration or attempted perpetration of such felony." Section 565.021(2). The identity of the actual killer is irrelevant, and a defendant may be liable for any deaths that are the reasonably foreseeable result of the underlying felony. See State v. Burrage, 465 S.W.3d 77, 80 (Mo. App. E.D. 2015) ; State v. Bennett, 466 S.W.3d 561, 562-63 (Mo. App. S.D. 2015). This Court has previously found it foreseeable that a robbery attempt could be met with resistance, and thus the robbery attempt would "set into motion the chain of events" that results in a death. Burrage, 465 S.W.3d at 80 (citing State v. Moore, 580 S.W.2d 747, 752-53 (Mo. banc 1979) ).
Movant maintains there is no genuine dispute that Grant shot Burse resulting in Burse's death, and the jury by its acquittal on the felony-murder charge found the State did not prove beyond a reasonable doubt that Movant should have reasonably foreseen Burse's death from the armed robbery and home invasion. Movant then argues that the question of foreseeability is not "conduct," and thus the State could not attempt to relitigate, and the sentencing court could not consider, the issue of foreseeability under Clark, which only allows for consideration of acquitted "conduct" in sentencing. We disagree. Foreseeability in the context of felony murder is intertwined with the underlying criminal conduct and cannot be separated. The question for the jury was did the State prove beyond a reasonable doubt that Burse was killed as a result of the armed robbery and home invasion, but the question for the sentencing court was did the State prove by a preponderance of the evidence that Burse was killed as a result of the armed robbery and home invasion. See Clark, 197 S.W.3d at 602 ("a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence").
The evidence here was that while Movant and Burse were committing an armed robbery and home invasion of an alleged drug dealer, one of the victims drew and fired a weapon attempting to thwart the robbery, resulting in the death of Burse. There was overwhelming evidence from these facts for the sentencing court to find by a preponderance of the evidence that it was reasonably foreseeable someone could or would be killed during an armed robbery and violent home invasion of an alleged drug dealer, and Burse did in fact die during this robbery.
Thus, the State here did not make an improper argument in urging the court to consider that Burse died during the commission of this crime, and it was not error for the sentencing court to consider Movant's acquitted conduct in fashioning an appropriate sentence. Any objection to the State's argument would not have been meritorious. We will not find trial counsel *775 ineffective for failing to make a meritless objection. Tucker v. State, 468 S.W.3d 468, 475 (Mo. App. E.D. 2015).[5]
Moreover, Movant cannot show prejudice. There is no question that the jury found Movant guilty of an armed and violent home invasion. The facts forming the guilty verdict included that Movant gathered everyone in the house-including a baby held by her aunt-into a single room at knife point, took money from their pockets and rings off their fingers, and held a knife to a woman's throat in front of her family while threatening to "cut her throat" if they did not produce more money. This was a brutal and terrifying crime. These were the facts upon which the jury found Movant guilty, and these were the facts upon which the court based its sentence.[6] On these particular facts, Movant is unable to meet his burden to prove that if his trial counsel had objected to the sentence, there is a reasonable probability that the sentence would have been lower. See Bello, 464 S.W.3d at 289. Rather, the motion court-which was also the sentencing court-specifically noted the sentence was "fair and just" in light of "the egregious nature of the offenses" and any objection by trial counsel "would not have mattered in the sentencing hearing." The sentencing court has broad discretion to determine the appropriate sentence based on the nature and circumstances of the crime, and on these facts, we do not see an abuse of that discretion in sentencing Movant as a prior and persistent offender to a term of forty years in the Missouri Department of Corrections.
Last, as for Movant's claim that the sentencing court abused its discretion in sentencing Movant to a longer prison term than the State's recommendation, this argument fails on its face. After a trial, a sentencing court is not required to follow the sentencing recommendation of the State. See State v. Maynard, 567 S.W.2d 680, 682 (Mo. App. 1978) (after trial, "trial judge was under no compulsion to accept" State's recommended sentence; rather, recommendations are just that: recommendations). Because the sentencing court here was entitled to sentence Movant to a term of imprisonment within the range of punishment, including exceeding the State's twenty-five year recommendation, any objection on this basis would have been meritless, as the sentencing court did sentence Movant within the appropriate range of punishment. See Tucker, 468 S.W.3d at 475 (trial counsel is not ineffective for failing to make meritless objection).
B. Movant's Trial Counsel was Not Ineffective for Failing to Object to the State's Arguments that Movant should be Punished for Exercising his Right to go to Trial *776 "A defendant may not be subjected to more severe punishment simply because he exercised his right to stand trial." Kohlheim v. State, 482 S.W.3d 851, 861 (Mo. App. E.D. 2016). To show the sentencing court retaliated against the defendant for his or her exercise of a constitutional right, the movant must show "something beyond the bare possibility that retaliation could have been a factor in sentencing," but rather must show "words stated by or attributed to the trial court directly connect[ing] the imposition of enhanced sentencing" to the exercise of a constitutional right. Taylor v. State, 392 S.W.3d 477, 488-90 (Mo. App. W.D. 2012).
At the sentencing hearing here, the State commented on the length of the trial and argued that the court should consider Movant's failure to take responsibility for his crimes in determining the sentence, stating specifically: "we went to trial on this and to me that shows a zero acceptance of responsibility, which I also think should be held against [Movant]." Movant's trial counsel did not object to this assertion, but rather countered during her sentencing arguments that Movant had always taken responsibility for the robbery and burglary and would not have gone to trial on those charges if it had been possible to separate them from the felony-murder charge, of which he was acquitted.
Under these facts, Movant is unable to show prejudice from his trial counsel's decision not to object, because he cannot show a reasonable probability the sentence would have been lower if she had objected. See Bello, 464 S.W.3d at 289 ; see also Barnes, 334 S.W.3d at 721 (movant must prove both prongs of ineffective-assistance claim; failure to prove one prong is fatal). Even without objecting, his trial counsel was able to counter the State's claim that Movant did not take responsibility for his crimes, and thus Movant's relevant sentencing information was before the court.
Moreover, Movant has pointed to nothing in the record demonstrating the court in fact retaliated against Movant for exercising his constitutional right to trial. See Taylor, 392 S.W.3d at 488 (movant must show "something beyond the bare possibility that retaliation could have been a factor in sentencing"). Movant has not alleged the sentencing court made any statements referring to Movant's decision to go to trial or its decision to enhance Movant's sentence on that basis. See id. at 490 (to show sentencing court actually enhanced sentence based on defendant exercising his or her right to trial, record must include specific statement by court showing such, not merely generalized observations about failure to take responsibility); see also Donovan, 539 S.W.3d at 73-74 (where review of entire record shows that trial court based sentence on defendant's criminal history, sentence not based on improper factors, even where court points out that it would not have known enhancing facts but for discovering them during trial); but see State v. White, 518 S.W.3d 288, 294 (Mo. App. E.D. 2017) (sentence was improper when trial court explicitly agreed it gave "harder" sentences to defendants who go to trial because "there are consequences for that decision").
The record does not show the court followed the State's purported suggestion to improperly enhance Movant's sentence in retaliation for exercising his right to trial, and thus we do not see anything in the record supporting Movant's assertion that if his trial counsel had objected on these grounds, the sentence would have been lower. See Bello, 464 S.W.3d at 289.
After reviewing the record, we do not have a definite and firm impression the motion court erred in denying Movant's amended motion for post-conviction relief on his claim of ineffective assistance of counsel, and thus the findings and conclusions *777 of the motion court are not clearly erroneous. See Rule 29.15(k).
Point denied.
Point II
In his second point on appeal, Movant challenges the motion court's denial of his motion for post-conviction relief in which he asserted the sentencing court abused its discretion in imposing a sentence fifteen years above the State's recommendation after noting Burse had been killed during the commission of the felony, which Movant argues shows the sentencing court improperly considered Movant's responsibility for Burse's death in its sentence, despite his acquittal of this charge. We deny this point.
The State argues that this claim is not cognizable in a proceeding for post-conviction relief because Movant could have raised this claim of sentencing-court error on direct appeal. Movant responds that, because his trial counsel did not object during sentencing, the issue was not preserved for direct appeal and thus he could not have successfully raised it.
Issues that could have been raised on direct appeal may not be raised in post-conviction motions, except where fundamental fairness requires and only in rare and exceptional circumstances. See Glaviano v. State, 298 S.W.3d 112, 114 (Mo. App. W.D. 2009). Even though it was not preserved by an objection at trial, Movant's claim of sentencing abuse could have been raised through plain-error review on direct appeal. Under the facts here, we do not see the type of rare and exceptional circumstances that would allow this Court to consider in a Rule 29.15 action a claim that could have been but was not raised on direct appeal. Unlike in the cases cited by Movant, Movant has not raised a claim that would warrant relief from his sentence, and thus no fundamental unfairness results from our denial of this claim. Cf. Hudson v. State, 248 S.W.3d 56, 58-59 (Mo. App. W.D. 2008) (because Hudson's claim warranted relief from his sentence and he had no other avenue for presenting his claim other than through Rule 29.15, to deny his claim would result in fundamental unfairness; thus giving rise to "exceptional circumstances"). We find no error in the motion court's denial of this claim.
Point denied.
Conclusion
The judgment of the motion court is affirmed.
Robert M. Clayton III, J., concurs.
Angela T. Quigless, J., concurs.

All rule references are to Mo. R. Crim. P. (2016), unless otherwise indicated.

The same judge presided over the trial, the sentencing hearing, and the Rule 29.15 motion.

All statutory references are to RSMo (Cum. Supp. 2014), unless otherwise indicated.

While Movant cites to Apprendi v. New Jersey in its argument, we note that Apprendi is not relevant here. Apprendi discusses the standard of proof necessary to find a fact that increases the penalty for a crime beyond the prescribed statutory maximum, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) ; but here, the sentencing court did not impose a sentence beyond the prescribed statutory maximum, as Movant was sentenced within the appropriate range of punishment.

To the extent Movant argues in the alternative that his trial counsel was ineffective for failing to object on the basis that State v. Clark, 197 S.W.3d 598 (Mo. banc 2006) was wrongly decided, Clark remains the law in Missouri, and we will not find counsel ineffective for failing to object to good law. See Tucker v. State, 468 S.W.3d 468, 475 (Mo. App. E.D. 2015) (counsel not ineffective for failing to make meritless objection).

To the extent Movant suggests the length of his sentence alone proves he was sentenced for felony murder and not merely first-degree robbery, first-degree burglary, and ACA, we note several cases with similar sentences for similar crimes. See, e.g., Nash v. State, 504 S.W.3d 831 (Mo. App. W.D. 2016) (defendant sentenced to 40 years for first-degree robbery and kidnapping); Glover v. State, 477 S.W.3d 68 (Mo. App. E.D. 2015) (defendant sentenced to 43 years for burglary and attempted burglary, felony stealing, and property damage following probation revocation); State v. Harris, 908 S.W.2d 912 (Mo. App. E.D. 1995) (defendant sentenced to 30 years for second-degree robbery and first-degree burglary).